[No. 47026–0.   En Banc.   December 31, 1980.]

ROBERT M. WOODRUFF, ET AL, *Respondents,* v. BILLY McCLELLAN, ET AL, *Petitioners.*

*Chambers, Marston, Hodgins, Shorett, Young & Gilling-ham,* by *Halleck H. Hodgins,* for petitioners.

*Cooper & Roberts,* by *R. Maurice Cooper* and *Robert C. Scanlon,* for respondents.

UTTER, C.J.—In a suit for specific performance of an earnest money agreement for the sale of a house must attorney

fees be awarded to the prevailing party pursuant to a provision in the earnest money agreement?

Plaintiffs/respondents Dortha and Robert Woodruff entered into an earnest money agreement with defendants/petitioners Billy and Joy McClellan whereby the Woodruffs agreed to buy the McClellans' home. The agreement provided that closing was to take place no later than September 10, 1976.

Plaintiffs refused to sign the closing papers on October 18, 1976, in that the papers indicated that the payments would begin on September 15. The parties then agreed to extend until November 1 the date for the first payment. Plaintiff Dortha Woodruff again refused to sign on November 24. Defendants tried calling Mrs. Woodruff at her office on November 26, but were unable to reach her. That same day, defendants sent a mailgram to Mrs. Woodruff at her office stating that the earnest money agreement would be terminated unless she signed by 10 a.m. on November 29. Mrs. Woodruff did not read the mailgram until the 29th. She claims that her refusal to sign and tender payment was conditional; she would sign once defendants cured a serious water leakage problem in the basement. The record clearly indicates, however, that the Woodruffs agreed to buy the house as is, for a reduced price, fully knowing of the severity of the water problem.

Upon learning that the McClellans had terminated the earnest money agreement, plaintiffs brought suit seeking specific performance of the earnest money agreement. Both sides sought attorney fees pursuant to a clause in the earnest money agreement stating:

DEFAULT AND ATTORNEYS FEES. In the event of default by buyer, seller shall have the election to forfeit the earnest money as liquidated damages, or to institute suit to enforce any rights seller has. In the event that either the buyer, seller or agent, shall institute suit to enforce any rights hereunder, the successful party shall be entitled to court costs and a reasonable attorneys fee.

The trial court granted defendants' motion to dismiss at the end of plaintiffs' case, on the basis that plaintiffs have shown no right to relief under CR 41(b)(3). In so holding, the court found as a matter of fact:

15. Defendants have properly rescinded the earnest money agreement based upon the breach of plaintiffs.

Judgment was entered denying plaintiffs' claim for specific performance, awarding plaintiffs $2,899.77 for work performed by them on the McClellan home, and awarding $3,500 in attorney fees to the defendants.

In an unpublished decision, the Court of Appeals, Division One, affirmed all but the award of attorney fees. The court denied attorney fees on the basis that the trial court found, as a matter of fact, that defendants had rescinded the earnest money agreement and consequently the provision as to attorney fees was no longer in effect. *Woodruff v. McClellan*, 25 Wn. App. 1019 (1980). The reversal on the issue of attorney fees, however, was not unanimous. We granted review as a matter of right under former RAP 13.2.

The question of whether the trial court erred in holding that defendants could not sue for specific performance because they breached the earnest money agreement was not argued before this court, and therefore we need not address it. Thus, our inquiry is limited to the question of whether attorney fees should be granted.

We find the trial court's use of the term rescission particularly troublesome in this instance. Though the trial court labeled the finding that defendants properly rescinded the earnest money agreement a finding of fact, it is a conclusion of law, for the term *rescission* carries legal implications. The conclusion that defendants properly rescinded the contract is subject to our review, despite its incorrect denomination as a finding of fact. *Local 1296, Int'l Ass'n of Firefighters v. Kennewick*, 86 Wn.2d 156, 542

P.2d 1252 (1975); *Artz v. O'Bannon,* 17 Wn. App. 421, 562 P.2d 674 (1977).

█ The trial court erred in concluding that the earnest money agreement was properly rescinded. Rescission can only occur when there is a mutual consent to rescind the contract, or a demand to rescind by one side with acquiescence by the other, a material breach by one party with a claim of rescission by the other or other circumstances not material here. *See Letres v. Washington Coop. Chick Ass'n,* 8 Wn.2d 64, 111 P.2d 594 (1941); *Marrazzo v. Orino,* 194 Wash. 364, 78 P.2d 181 (1938); *Knapp v. Hoerner,* 22 Wn. App. 925, 591 P.2d 1276 (1979); 5A A. Corbin, *Contracts* § 1236 (1964 & Supp. 1980).

The McClellans' action was neither a mutual consent nor an acquiescence and could not be grounds for rescission. They did not breach the agreement but terminated it only after the Woodruffs failed to perform under the terms of the earnest money agreement. The mere fact that the McClellans terminated the offer does not indicate an intent to rescind the agreement. Instead, the termination of the offer serves as an assertion by the McClellans that they have discharged their duties in response to the breach by the Woodruffs. *See Snowflake Laundry Co. v. MacDowell,* 52 Wn.2d 662, 328 P.2d 684 (1958). The fact that the Woodruffs sued to have the earnest money agreement specifically enforced indicates that the Woodruffs neither consented nor acquiesced to a rescission of the agreement.

Inasmuch as the earnest money agreement was not rescinded, the clause entitling the prevailing party to attorney fees remains in effect. We therefore award attorney fees in the amount of $3,500 incurred at trial, plus a reasonable amount expended in the appeal of this matter, to be determined by the trial court.

We remand to the trial court for entry of judgment in accordance with this opinion.

ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.