[No. 11672–0–I. Division One. December 17, 1984.]

HERZOG ALUMINUM, INC., *Appellant,* v. GENERAL AMERICAN WINDOW CORPORATION, *Respondent.*

---

*Olwell, Boyle & Hattrup* and *Clinton H. Hattrup,* for appellant.

*Lane, Powell, Moss & Miller* and *Ellen Pfaff,* for respondent.

SWANSON, J.—This appeal presents an issue of first impression in this state. Is a defendant who successfully defends a breach of contract lawsuit by proving the absence of an enforceable contract entitled to attorney fees on the basis of the purported contract sued upon which would

have allowed attorney fees to the plaintiff and on the basis of RCW 4.84.330 which directs that a unilateral provision for the payment of attorney fees in a contract be applied bilaterally?

Herzog Aluminum, Inc. (Herzog) brought an action for breach of contract against General American Window Corporation (General American) seeking damages for lost profits. General American had a contract to supply aluminum products for the construction of a bank building in Kuwait. General American received a proposal from Herzog regarding the window portion of the contract. Subsequently the parties engaged in a series of negotiations involving the submission of additional proposals. When the time for production arrived, the issue of payment arose. General American tendered an assignment of a certain letter of credit believing in good faith that that was the agreed upon method of payment. Herzog refused the tender and likewise in good faith claimed General American was required to furnish its own letter of credit. General American refused to comply with Herzog's demand and canceled its purchase order. Suit was commenced resulting in a trial to the court. The trial court found,

> There was no meeting of the minds as to who would issue the irrevocable letter of credit from which Herzog would be paid, who would be the beneficiary of that letter of credit, or what bank would be the issuing bank on the letter of credit. Also, the parties never agreed as to how soon after Herzog shipped, it would be paid.

Finding of fact 21, and concluded

> That there was no contract entered into between the parties since there was no agreement as to the method of payment regarding the contract in question.

Conclusion of law 3. Consequently the trial court denied Herzog's prayer for damages. But, despite the absence of a contract, the court nevertheless awarded defendant General American as the prevailing party attorney fees of $19,628.50 and costs and expenses of $1,741.62. Upon reconsideration, the court disallowed any costs on the basis that no taxable

costs were incurred, but let stand the award of attorney fees.

Herzog appealed from the award of attorney fees. General American then cross–appealed "the failure of the Trial Court to award defendant the entire amount of costs and expenses incurred in defending this matter."

It is well settled in Washington that absent a contractual provision, statutory provision, or a well recognized principle of equity to the contrary,[1] a court has no authority to award attorney fees to the prevailing party. *E.g., North Pac. Plywood, Inc. v. Access Rd. Builders, Inc.*, 29 Wn. App. 228, 236, 628 P.2d 482 (1981).

The asserted "contract" between the parties provided:

> Herzog shall be entitled to recover any and all costs, expenses and attorney fees incurred arising from or out of any dispute relating to this order.

Had a contract been formed and had General American prevailed on some basis other than one challenging the existence of the contract, it is unquestioned that RCW 4.84.330, in conjunction with this contractual provision, would have entitled General American to reciprocal rights respecting the recovery of attorney fees and costs.

RCW 4.84.330 provides:

> *In any action on a contract* or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

---

[1]Attorney fees may be awarded on equitable grounds if there is:
(1) a wrongful act or omission by A towards B; (2) such act or omission exposes or involves B in litigation with C; and (3) C was not connected with the original wrongful act or omission of A towards B.
(Citations omitted.) *Aldrich & Hedman, Inc. v. Blakely*, 31 Wn. App. 16, 20, 639 P.2d 235 (1982). *See also Scott v. Woolard*, 12 Wn. App. 109, 111, 529 P.2d 30 (1974).

> Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract or lease which is entered into after September 21, 1977. Any provision in any such contract or lease which provides for a waiver of attorney's fees is void.
>
> As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

(Italics ours.)

Although there was no meeting of the minds and, thus, no contract, we must determine whether Herzog's lawsuit nevertheless fell within the parameters of the statutory language "[i]n any action on a contract" and whether General American was a "prevailing party."

In *Woodruff v. McClellan*, 95 Wn.2d 394, 622 P.2d 1268 (1980), the parties entered into an earnest money agreement for the sale and purchase of real property. That agreement contained a provision awarding attorney fees and costs to the successful party in any suit "to enforce any rights hereunder". The sellers "terminated" their offer to sell after the purchasers refused to perform within the time stated in the earnest money agreement. The purchasers then sued for specific performance. After finding for the sellers, the trial court awarded the sellers attorney fees. Our Supreme Court affirmed the trial court, stating:

> Inasmuch as the earnest money agreement was not rescinded, the clause entitling the prevailing party to attorney fees remains in effect.

*Woodruff*, at 397.

Because rescinding a contract "is to declare it void in its inception and to put an end to it as though it never were", *Russell v. Stephens*, 191 Wash. 314, 315, 71 P.2d 30 (1937), Herzog argues that *Woodruff* requires a denial of attorney fees once the contract has been rescinded, as well as in cases where a contract has never been formed. Additionally, because one cannot seek rescission of a contract and at the same time rely upon the contract for contractual damages, *Wilkinson v. Smith*, 31 Wn. App. 1, 13, 639 P.2d 768 (1982), Herzog contends that rescission of a contract, as

well as the failure to form a contract, prevents one from relying upon contractual provisions respecting attorney fees.

In *Hackney v. Sunset Beach Invs.*, 31 Wn. App. 596, 644 P.2d 138 (1982), the purchasers sought to *rescind* a real estate contract and to recover their cash down payment, amounts spent on improvements, loss of anticipated profits, and attorney fees. The trial court entered judgment rescinding the contract and awarding the purchasers recovery of their down payment, expenditures for improvements, and costs, but denied attorney fees.

On appeal, this court found that the purchasers were entitled to attorney fees, even though the contract was properly *rescinded* below, because the sale agreement specifically provided for recovery of attorney fees in an action brought to "terminate" the contract. It provided in part:

> If the seller shall bring suit to procure an adjudication of the termination of the purchaser's rights hereunder, and judgment is so entered, the purchaser agrees to pay a reasonable sum as attorney's fees and all costs and expenses in connection with such suit,
> . . .

*Hackney*, at 602–03. We reasoned that the trial court

> denied attorney's fees because [the trial court] found this was not an action "on the contract", as required by the statute [RCW 4.84.330]. The Hackneys contend the only way a purchaser could "procure an adjudication of the termination of" the *seller's* rights, which is the reverse of the provision in the contract as authorized by the statute, would be in an action for rescission. They argue this provision also entitled them to attorney's fees on appeal. We agree.
>
> The contract authorized attorney's fees if the seller terminated the purchaser's rights, which is effectively an action for rescission. The statute gives the purchaser the same rights the contract gives the seller. We therefore reverse and remand for a determination of reasonable attorney's fees and costs of both the trial and the appeal,
> . . .

*Hackney*, at 603.

As Herzog points out, *Hackney* is distinguishable from the case sub judice on two bases: (1) a contract had been entered into in *Hackney*; and (2) that contract specifically provided for recovery of attorney fees incurred by the prevailing party in an action for rescission. Despite these differences we find its reasoning instructive and its conclusion that an action for rescission amounts to an "action on a contract" to be in accord with the purpose and intent behind the Legislature's enactment of RCW 4.84.330.

Our Legislature enacted RCW 4.84.330 in 1977.[2] With the exception of a few additional words, it is a duplicate of the Cal. Civ. Code § 1717 (Deering 1971) which had been adopted and judicially interpreted prior to 1977.[3] Section 1717 provides:

In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party,

---

[2]Laws of 1977, 1st Ex. Sess., ch. 203, § 1.

[3]We also note that Oregon had a statute similar to RCW 4.84.330. It provided in part:

"In any action or suit *on a contract,* where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements."

(Italics ours.) Former Or. Rev. Stat. § 20.096(1). The Oregon judiciary interpreted this statute in *Golden W. Insulation, Inc. v. Stardust Inv. Corp.*, 47 Or. App. 493, 509, 615 P.2d 1048 (1980), a case similar to the one at bench. The plaintiff sued the defendant on a contract containing an attorney fees provision. The defendant prevailed at trial on the theory that no contract had been formed between himself and the plaintiff. The trial court then awarded the defendant attorney fees. The Oregon appellate court relied heavily upon the California case law interpreting Cal. Civ. Code § 1717, noting at page 512 that, "Had plaintiff prevailed at trial, it would have been entitled to an award of attorney fees . . .". The court opined that the definition of "party" and "prevailing party" was somewhat ambiguous, but because the defendant was able to obtain a decree dismissing the plaintiff's cause of action, he became a prevailing party. Consequently, the court affirmed the award of attorney fees to the prevailing defendant.

whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

 The marked similarities between section 1717 and RCW 4.84.330 strongly supports the conclusion that our Legislature utilized section 1717 as a paradigm. Thus, pre–1977 California judicial interpretations of section 1717 are persuasive evidence of our Legislature's intent. *Hearst Corp. v. Hoppe,* 90 Wn.2d 123, 128, 580 P.2d 246 (1978); *State v. Carroll,* 81 Wn.2d 95, 109, 500 P.2d 115 (1972). Those pre–1977 California judicial decisions interpreted section 1717 as creating a right to attorney fees in a defendant who successfully proved that no contract had been formed. *See, e.g., Care Constr., Inc. v. Century Convalescent Ctrs., Inc.,* 54 Cal. App. 3d 701, 126 Cal. Rptr. 761 (1976); *Babcock v. Omansky,* 31 Cal. App. 3d 625, 107 Cal. Rptr. 512 (1973).

The California Supreme Court first construed section 1717 in *Reynolds Metals Co. v. Alperson,* 25 Cal. 3d 124, 128, 599 P.2d 83, 85, 158 Cal. Rptr. 1 (1979), where it agreed with the pre–1977 California appellate court decisions:

The language of the statute is unclear as to whether it shall be applied to litigants who like defendants have not signed the contract. The section refers to "any action on a contract" thus including any action where it is alleged that a person is liable on a contract, whether or not the court concludes he is a party to that contract. Nevertheless the terms "parties" and "party" are ambiguous. It is unclear whether the Legislature used the terms to refer to signatories or to litigants.

Section 1717 was enacted to establish mutuality of remedy where contractual provision makes recovery of attorney's fees available for only one party, and to prevent oppressive use of one-sided attorney's fees provisions.

Its purposes require section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant.

(Citations omitted.) The court then concluded at page 129:

Had plaintiff prevailed on its cause of action claiming defendants were in fact the alter egos of the corporation, defendants would have been liable on the notes. Since they would have been liable for attorney's fees pursuant to the fees provision had plaintiff prevailed, they may recover attorney's fees pursuant to section 1717 now that they have prevailed.

(Citation omitted.)

Herzog concedes arguendo that our Legislature used the California statute as a model when adopting RCW 4.84.330, but that it significantly altered the California statutory language by adding, after the word "contract," the words "entered into after September 21, 1977". From this, Herzog contends that our Legislature conclusively rejected the California judicial interpretations of section 1717 and clarified any ambiguity inherent in the words "on a contract" by requiring the parties to have "entered into" a contract before rights arose under RCW 4.84.330. General American responds that the language merely reflects the Legislature's concern that the statute apply prospectively. We agree with General American's position, *see Seattle–First Nat'l Bank v. Schriber,* 51 Or. App. 441, 625 P.2d 1370, 1372 (1981), particularly in light of the fact that pre–1977 California appellate court decisions had applied section 1717 retrospectively. *E.g., Babcock v. Omansky,* 107 Cal. Rptr. at 519, and cases cited therein.

Considering the remedial purpose behind the enactment of RCW 4.84.330, that unilateral attorney fees provisions be

applied bilaterally, *Detonics ".45" Assocs. v. Bank of Cal.,* 30 Wn. App. 179, 182, 633 P.2d 114 (1981), *rev'd on other grounds,* 97 Wn.2d 351, 644 P.2d 1170 (1982), and the chronological juxtaposition between the enactment of RCW 4.84.330 and the judicial interpretations of section 1717 of the California Civil Code, the analysis presented in the California cases is persuasive. Accordingly, we conclude that the broad language "[i]n any action on a contract" found in RCW 4.84.330 encompasses any action in which it is alleged that a person is liable on a contract. Further, because General American obtained a judgment dismissing Herzog's cause of action, General American became a "prevailing party" within the meaning of that statutory terminology. Hence, General American was properly entitled to an award of reasonable attorney fees incurred at trial.

The second issue raised in this appeal is whether the trial court erroneously failed to award General American the "entire" cost and expense of its defense. Because General American failed to assign error to the trial court's decision as required by RAP 10.3(b), that issue is not properly before this court. Therefore, we do not reach this issue.

Finally, because General American prevailed on appeal and complied with RAP 18.1, it is entitled to an award of reasonable costs and attorney fees incurred in this appeal, which we allow in the sum of $4,250.

Accordingly, the judgment is affirmed.

RINGOLD and COLEMAN, JJ., concur.