[No. 56674-1-I.   Division One.   August 28, 2006.]

QUALITY FOOD CENTERS, *Respondent*, v. MARY JEWELL T, L.L.C., *Appellant*.

*Steven W. Block* (of *Betts Patterson & Mines, P.S.*), for appellant.

*Christina L. Haring, Stevan D. Phillips*, and *Margarita V. Latsinova* (of *Stoel Rives, L.L.P.*), for respondent.

¶1 APPELWICK, C.J. — Quality Food Centers (QFC) sued Mary Jewell T, L.L.C. (MJT), alleging MJT had breached the lease between the parties. MJT successfully defended the suit, but when it requested its attorney fees pursuant to the lease and RCW 4.84.330, the court denied them. The lease provided that if either party incurred attorney fees as a result of a breach of the lease, the breaching party would pay the other party's fees. We hold that the attorney fees provision in the lease is unilateral and, therefore, RCW

4.84.330 is triggered. As the prevailing party, MJT is entitled to its fees. We reverse and remand for an award of fees.

## FACTS

¶2 MJT owns a commercial property in which QFC rents retail space. QFC brought a lawsuit against MJT and another tenant of the property, alleging MJT had breached the parties' lease by allowing the other tenant to operate as a beverage shop.[1]

¶3 After a bench trial, the court ruled for MJT. MJT then moved for an award of its attorney fees under RCW 4.84.330 and the parties' lease. The attorney fees provision of the lease provided:

> In the event either party to this Lease incurs attorney's fees as a result of the breach of this Lease by the other party, whether suit is commenced or not, the breaching party shall pay the other party's reasonable attorneys' fees incurred as a result of the breach of this Lease by the other party, whether suit is commenced or not and, if suit is commenced, the costs of the prevailing party in such suit. Said fees include those incurred on appeal and in any bankruptcy proceeding.

QFC opposed the motion for fees. The trial court denied the motion. MJT appeals.

## ANALYSIS

I. Applicability of RCW 4.84.330

¶4 MJT asserts that it is entitled to attorney fees for successfully defending QFC's breach of contract claim. MJT claims that RCW 4.84.330 requires a fee award. QFC counters that RCW 4.84.330 is not applicable to the attorney fees provision in the parties' lease because the provision is already reciprocal.

---

[1] MJT had initially brought counterclaims against QFC but dismissed these counterclaims without prejudice.

¶5 The general rule in Washington is that parties may not recover attorney fees except under a statute, contractual obligation, or some well-recognized principle of equity. *N. Pac. Plywood, Inc. v. Access Rd. Builders, Inc.*, 29 Wn. App. 228, 236, 628 P.2d 482 (1981). RCW 4.84.330 provides, in relevant part:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.
>
> . . . .
>
> As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

The remedial purpose behind the enactment of RCW 4.84-.330 is that unilateral attorney fees provisions be applied bilaterally. *Herzog Aluminum, Inc. v. Gen. Am. Window Corp.*, 39 Wn. App. 188, 196-97, 692 P.2d 867 (1984). The interpretation of an unambiguous contract and the interpretation and applicability of a statute are generally issues of law we review de novo. *See Mayer v. Pierce County Med. Bureau, Inc.*, 80 Wn. App. 416, 420, 909 P.2d 1323 (1995) ("[i]nterpretation of an unambiguous contract is a question of law"); *W.R.P. Lake Union Ltd. P'ship v. Exterior Servs., Inc.*, 85 Wn. App. 744, 749, 934 P.2d 722 (1997) ("interpretation and construction of a statute is a question of law that we review de novo"). And while the amount awarded under RCW 4.84.330 is reviewed for abuse of discretion, the language is mandatory in requiring an award of fees. *Farm Credit Bank of Spokane v. Tucker*, 62 Wn. App. 196, 207, 813 P.2d 619 (1991).

¶6 In essence, QFC argues that the phrase "one of the parties" in the statute means one named party, such as if the contract provided that only QFC would get fees if it sued on the contract. QFC asserts that the lease here is

already bilateral because it does not specifically name one party but provides for potentially either party to get fees. Therefore, QFC claims, the statute does not apply. But MJT argues that RCW 4.84.330's phrase "one of the parties" applies here when only the party who sues on the contract and prevails can be awarded fees. In essence, MJT argues, the provision here is unilateral.

¶7 MJT is correct. The fee provision here provides that the breaching party must pay the other party's attorney fees incurred as a result of the breach of the lease. A party accused of breach could never recover attorney fees, no matter how frivolous the action. Admittedly, the lease does not say that only the landlord or only the tenant can recover fees. Regardless of who was accused of breach, the other party could recover fees if it was successful. However, it is the one-sidedness of the availability of fees in the particular controversy that makes the provision unilateral.

¶8 Because the provision is unilateral, it triggers RCW 4.84.330. RCW 4.84.330 requires that fees be made available to either party to the controversy or to neither party. The parties may not contract to avoid this statutory requirement. Thus, RCW 4.84.330 mandates that MJT be awarded its fees and costs incurred in successfully defending the breach of lease claim.

II. Attorney Fees on Appeal

¶9 MJT requests its attorney fees on appeal under RAP 18.1 and RCW 4.84.330. If applicable law grants the party the right to recover reasonable attorney fees and expenses on review, the party must request the fees in its brief. RAP 18.1. "A contractual provision for an award of attorney fees at trial supports an award of attorney fees on appeal." *Reeves v. McClain*, 56 Wn. App. 301, 311, 783 P.2d 606 (1989). As RCW 4.84.330 allows for fees below, we grant MJT's request for its reasonable attorney fees on appeal.

¶10 We reverse and remand to the trial court for determination and award of MJT's reasonable attorney fees accrued below and on appeal.

BAKER and SCHINDLER, JJ., concur.