158 P.3d 1271 (2007)
WACHOVIA SBA LENDING, d/b/a Wachovia Small Business Capital, a Washington corporation, Respondent,
v.
Deanna D. KRAFT, individually, Appellant.
No. 34714-8-II.
Court of Appeals of Washington, Division 2.
May 30, 2007.
*1272 Douglas N. Kiger, Blado Kiger PS, Tacoma, WA, for Appellant.
Alexander Sether Kleinberg, Eisenhower & Carlson PLLC, Tacoma, WA, for Respondent.
HOUGHTON, C.J.
¶ 1 Deanna Kraft appeals the trial court's refusal to award her attorney fees under RCW 4.84.330 and costs under RCW 4.84.010, .060, and .080. We affirm.

FACT
¶ 2 In June 1997, Kraft's husband (now her former husband) took out a Small Business Administration Loan (Loan) from Wachovia SBA Lending, Inc. d/b/a Wachovia Small Business Capital in order to purchase a home and an in-home veterinary business. Kraft's husband executed a Small Business Administration Promissory Note (Note), secured by a Deed of Trust on Kraft and her husband's North Carolina home. Kraft did not sign the Note. Kraft executed a Small Business Administration Guaranty (Guaranty) in connection with the Note. Wachovia claims to hold *1273 the Guaranty signed by Kraft and secured by the Deed of Trust on the North Carolina home.
¶ 3 By the terms of the Guaranty, the debtor agreed to pay all sums owed to the holder of an underlying Note, which Wachovia also claims to hold. The Note requires the debtor to pay "reasonable attorney's fees and costs" incurred in satisfaction of the debt.[1] Clerk's Papers (CP) at 32. The Note does not require the holder to pay the debtor's attorney fees or costs. Thus, the Note and Guaranty, if enforceable, require Kraft to pay Wachovia's attorney fees and costs but do not require Wachovia to pay Kraft's attorney fees or costs.
¶ 4 Under the Deed of Trust, Wachovia foreclosed on Kraft's former residence in North Carolina. Wachovia then sued Kraft on the Note and Guaranty in Pierce County Superior Court, seeking a deficiency balance of $78,196.77.[2] Kraft answered that she was the guarantor, but she pleaded North Carolina law and, among others, the affirmative defense of choice of remedy.
¶ 5 Wachovia unsuccessfully moved for summary judgment. Over Kraft's objection, Wachovia then sought leave to dismiss its complaint without prejudice, which the court granted. See CR 41(a)(1)(B), (a)(4). Kraft asked the trial court to reserve the issue of attorney fees and costs. The trial court apparently refused to reserve the issue of attorney fees because "it may hang out there for eternity if the parties do decide to settle and go away and never inform this Court."[3] Report of Proceedings at 12. The trial court declined to award attorney fees and costs to either party. Kraft appeals.[4]

ANALYSIS
¶ 6 Kraft relies on RCW 4.84.330[5] and argues the trial court erred in failing to reserve the attorney fees issue and allowing her to show her prevailing party attorney fees and costs. She urges de novo review.
¶ 7 Wachovia argues RCW 4.84.330 will not support an award of attorney fees because a voluntary dismissal without prejudice is not a "final judgment" within the statute's meaning. Resp't's Br. at 10-12. Wachovia asserts that where the plaintiff takes a voluntary dismissal without prejudice, we must review the denial of attorney fees for manifest abuse discretion. Thus, we first identify the appropriate standard of review.
¶ 8 The applicability of RCW 4.84.330 is a question of law. Quality Food Ctrs. v. *1274 Mary Jewell T, L.L.C., 134 Wash.App. 814, 817, 142 P.3d 206 (2006). We review questions of law de novo. Mohr v. Grant, 153 Wash.2d 812, 823, 108 P.3d 768 (2005).
¶ 9 Wachovia is correct that we review an award of attorney fees for abuse of discretion, that is, whether it was based on tenable grounds or reasons. Taliesen Corp. v. Razore Land Co., 135 Wash.App. 106, 141, 144 P.3d 1185 (2006). But where the meaning of an attorney fee statute is at issue, we review the decision to award or not award attorney fees de novo as a question of law.[6]Keystone Masonry, Inc. v. Garco Constr., Inc., 135 Wash.App. 927, 936-37, 147 P.3d 610 (2006) (attorney fees on change of venue under RCW 4.12.090).

ATTORNEY FEES
¶ 10 For RCW 4.84.330 to apply: (1) the action must be "on a contract or lease," (2) the contract must contain a unilateral attorney fee or cost provision, and (3) there must be a "prevailing party." RCW 4.84.330. The mere allegation of an enforceable contract containing a unilateral attorney fee provision satisfies the statute's first two requirements. Labriola v. Pollard Group, Inc., 152 Wash.2d 828, 839, 100 P.3d 791 (2004). Here, the parties agree the Note contains a unilateral attorney fee provision incorporated to the Guaranty. The narrow question remains whether the trial court's dismissal without prejudice is within RCW 4.84.330's "prevailing party" language.
¶ 11 Under RCW 4.84.330, the defendant generally prevails by successfully defending a contract action. Mike's Painting, Inc. v. Carter Welsh, Inc., 95 Wash.App. 64, 68, 975 P.2d 532 (1999). The defendant also generally prevails where the plaintiff voluntarily dismisses its action under CR 41. Anderson v. Gold Seal Vineyards, Inc., 81 Wash.2d 863, 867-68, 505 P.2d 790 (1973)[7] (construing former RCW 4.28.185 (1959)); Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wash.App. 183, 193, 69 P.3d 895 (2003) (construing RCW 4.84.185); Marassi v. Lau, 71 Wash.App. 912, 918-19, 859 P.2d 605 (1993) (construing RCW 4.84.330); W. Stud Welding, Inc. v. Omark Indus., Inc., 43 Wash.App. 293, 295-96, 716 P.2d 959 (1986) (construing RCW 4.84.330). But the applicability of RCW 4.84.330 to a CR 41 dismissal without prejudice is a matter of first impression.
¶ 12 "The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent and purpose." In re Seattle Popular Monorail Auth., 155 Wash.2d 612, 627, 121 P.3d 1166 (2005). We must consider the statute as a whole and give all its language effect. Seattle Popular Monorail Auth., 155 Wash.2d at 627, 121 P.3d 1166. We review related statutes as a means of identifying legislative intent. Seattle Popular Monorail Auth., 155 Wash.2d at 627, 121 P.3d 1166. We resort to statutory construction only if the statute can reasonably be interpreted in more than one way. Pub. Util. Dist. No. 2 v. N. Am. Foreign Trade Zone Indus., L.L.C., 159 Wash.2d 555, 566-67, 151 P.3d 176 (2007).
¶ 13 The statute defines "prevailing party" as "the party in whose favor final judgment is rendered." RCW 4.84.330. The statute does not define "final judgment." RCW 4.84.330. The term "final judgment" is facially unambiguous  it refers to any court order having preclusive effect. Thus, we refer to Webster's Third New International *1275 Dictionary. See Sleasman v. City of Lacey, 159 Wash.2d 639, 643, 151 P.3d 990 (2007) (where a statute is unambiguous, resorting to dictionary is appropriate). "Final," in its legal sense, means
ending a court action or proceeding leaving nothing further to be determined by the court or to be done except the administrative execution of the court's finding but not precluding an appeal  used of a court order, decision, judgment, decree, or sentence; compare INTERLOCUTORY: being a court finding that is conclusive as to jurisdiction and precluding the right to appeal to or continue the case in any other court upon the merits.
WEBSTER'S THIRD NEW INTERN'L DICTIONARY 851 (2002).
¶ 14 "Judgment," in its legal sense, means "a formal decision or determination given in a cause by a court of law or other tribunal." WEBSTER'S, supra, at 1223. Black's Law Dictionary similarly defines "final judgment" as "[a] court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment." BLACK'S LAW DICTIONARY 859 (8th ed.2004).
¶ 15 As we have previously stated in the attorney fee context, "the effect of a voluntary dismissal `is to render the proceedings a nullity and leave the parties as if the action had never been brought.'" Beckman v. Wilcox, 96 Wash.App. 355, 359, 979 P.2d 890 (1999) (quoting Bonneville Assocs., Ltd. P'ship v. Barram, 165 F.3d 1360, 1364 (Fed. Cir.1999)) (internal quotation marks omitted). In Beckman, we held a condemnee to be the prevailing party under RCW 8.24.030 where the condemnor took a voluntary dismissal without prejudice. 96 Wash.App. at 358, 365-66, 979 P.2d 890. But we reasoned that the statute at issue did not predicate attorney fees on the entry of judgment. Beckman, 96 Wash.App. at 361-62, 979 P.2d 890. In contrast, the statute does precisely that  expressly requiring a "final judgment" before we may deem either party a "prevailing party."[8] A voluntary dismissal without prejudice is not a final judgment because it is not "a formal decision or determination" "leaving nothing further to be determined by the court." WEBSTER'S, supra, at 1223, 851; accord State v. Taylor, 150 Wash.2d 599, 601, 80 P.3d 605 (2003) (dismissal without prejudice is not "final"). Wachovia is free to file a new action against Kraft, leaving final judgment on their dispute for a future day.
¶ 16 We note the purpose behind RCW 4.84.330 is remedial  unilateral attorney fee provisions are to be applied bilaterally. Quality Food Ctrs., 134 Wash.App. at 817, 142 P.3d 206. Kraft's argument is eminently compelling  that, given this purpose, a plaintiff should not be permitted to avoid attorney fee reciprocity after having tested his or her claim against summary judgment and causing the defendant to incur costs and attorney fees for naught. But given the definition of "final judgment," we cannot say *1276 that the legislature intended a suit dismissed without prejudice to yield a "prevailing party" under RCW 4.84.330.[9] Accordingly, under the plain language of the statute, Kraft's request for attorney fees is misplaced, and we must affirm, although on other grounds, the trial court's refusal to reserve the attorney fee issue.[10]
¶ 17 Kraft also argues the trial court erred in refusing to award her statutory costs, including the nominal attorney fees provided under RCW 4.84.010, .060, and .080. But the trial court correctly noted that CR 41(d) allows it to impose costs on further action by the plaintiff. The trial courts have discretion to award statutory costs after a plaintiff's voluntary dismissal. Anderson, 81 Wash.2d at 865, 505 P.2d 790. On this point, the trial court ruled on a tenable basis. Kraft does not show the trial court abused its discretion. Therefore, we affirm the trial court's denial of statutory costs and attorney fees.

ATTORNEY FEES ON APPEAL
¶ 18 Both parties request attorney fees on appeal, relying on RAP 18.1. That rule authorizes the award of attorney fees on appeal where "applicable law grants to a party the right to recover reasonable attorney fees." RAP 18.1(a). Here, the applicable law is RCW 4.84.330, which under our holding does not permit either party to recover attorney fees where the plaintiff takes a CR 41 dismissal without prejudice. Accordingly, neither party is awarded attorney fees on appeal.
¶ 19 We hold a CR 41 voluntary dismissal without prejudice is not a "final judgment" within the meaning of RCW 4.84.330's "prevailing party" language and affirm the trial court.
We concur: ARMSTRONG and HUNT, JJ.
NOTES
[1] Specifically, the Note states, "The undersigned shall pay all expenses of any nature, whether incurred in or out of court . . . including but not limited to reasonable attorney's fees and costs, which Holder may deem necessary or proper in connection with the satisfaction of the indebtedness." Clerk's Papers at 32.
[2] Wachovia also alleged unjust enrichment. But it does not explain how, if at all, that action bears on the present appeal. Accordingly, we do not consider it. See RAP 10.3(b); State v. Dennison, 115 Wash.2d 609, 629, 801 P.2d 193 (1990).
[3] The parties dispute whether the trial court refused to reserve the issue or instead decided Kraft was not entitled to attorney fees. Our review of the record indicates the trial court did not rule on the award of attorney fees but rather refused Kraft's motion to reserve the issue. Our understanding is bolstered by the fact that the motion before the trial court was for the reservation of the issue.
[4] Kraft appealed the order dismissing Wachovia's suit without prejudice, a non-appealable order under RAP 2.2(a)(3). See Am. States Ins. Co. v. Chun, 127 Wash.2d 249, 254, 897 P.2d 362 (1995); Munden v. Hazelrigg, 105 Wash.2d 39, 42-44, 711 P.2d 295 (1985). Our Commissioner properly allowed the appeal to proceed only to the extent Kraft claims attorney fees under RCW 4.84.330. See Allahyari v. Carter Subaru, 78 Wash.App. 518, 521 n. 2, 897 P.2d 413 (1995).
[5] RCW 4.84.330 provides:

In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.
Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract or lease which is entered into after September 21, 1977. Any provision in any such contract or lease which provides for a waiver of attorney's fees is void.
As used in this section "prevailing party" means the party in whose favor final judgment is rendered.
[6] Moreover, where RCW 4.84.330 applies, awarding attorney fees is mandatory. Singleton, 108 Wash.2d at 729, 742 P.2d 1224 ("[a]n interpretation allowing the trial court to deny recovery of reasonable attorney's fees at its discretion or whim would render the statute meaningless"); Transpac Dev., Inc. v. Oh, 132 Wash.App. 212, 217, 130 P.3d 892 (2006).
[7] More specifically, Anderson applied the long-arm statute, former RCW 4.28.185 (1959). 81 Wash.2d at 868, 505 P.2d 790. That statute then and now provides attorney fees for the out-of-state defendant who "prevails in the action," but it does not define "prevail." RCW 4.28.185(5). Escude, Marassi, and Western Stud Welding considered CR 41 dismissals with prejudice. Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wash. App. 183, 190, 69 P.3d 895 (2003); Marassi v. Lau, 71 Wash.App. 912, 914, 920, 859 P.2d 605 (1993); W. Stud Welding, Inc. v. Omark Indus. Inc., 43 Wash.App. 293, 295, 716 P.2d 959 (1986). It is not clear whether the Anderson court considered a dismissal with or without prejudice. 81 Wash.2d at 864, 505 P.2d 790.
[8] The legislature does not explain, nor can we divine, its intent and purpose in so limiting RCW 4.84.330. The only other statute that defines "prevailing party" in terms of "final judgment" is RCW 49.44.135. That statute, adopted eight years after RCW 4.84.330, allows attorney fees in actions alleging an employer's violation of RCW 49.44.120 (general prohibition on employers requiring that employees take lie detector tests). Under RCW 49.44.135(3), a court may, under RCW 4.84.185 (reasonable expenses for frivolous claims), "award any prevailing party against whom an action has been brought for a violation of RCW 49.44.120 reasonable expenses and attorneys' fees upon final judgment and written findings by the trial judge that the action was frivolous and advanced without reasonable cause." (Emphasis added.) But the same statute allows a court to award "reasonable attorneys' fees and costs to the prevailing employee or prospective employee" without any such limitation. RCW 49.44.135(2). The clear purpose of chapter 49.44 RCW is to protect employees and potential employees from unfair labor practices. It follows that employers should be required to meet a more restrictive standard for attorney fees. No similar policy rationale apparently underlies RCW 4.84.330. Indeed that statute, as written, permits a contract containing a unilateral attorney fee provision to be tested against summary judgment and later dismissed without the legislature's reciprocal purpose coming due. But "[t]he reason that an order of voluntary dismissal is not a final judgment is for the protection of plaintiffs by allowing the litigation to continue under certain circumstances. It is not for the purpose of precluding attorney fees to a defendant who has `prevailed' as things stand at that point." Walji v. Candyco, Inc., 57 Wash. App. 284, 289, 787 P.2d 946 (1990).
[9] We note that it is for the legislature to correct any injustice that its RCW 4.84.330 language may have inadvertently created.
[10] Whether Kraft can seek reimbursement for attorney fees if Wachovia refiles its action is not before us.