# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HICKEL CORPORATION d/b/a CORNICE CONST. CO., a Washington corporation,<br><br>Appellant,<br><br>v.<br><br>RANDY RICHARDSON AND LESLIE RICHARDSON, husband and wife, individually and the marital community composed thereof,<br><br>Respondents. | No. 78416-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br>FILED: August 5, 2019 |

DWYER, J. — Hickel Corporation d/b/a Cornice Construction Company (Cornice) appeals from the trial court's order entering judgment in favor of Randy and Leslie Richardson and awarding attorney fees and costs. We conclude that the trial court properly ruled that ER 408 did not exclude evidence of a settlement agreement between Cornice and one of its subcontractors in calculating the damage award. Although Cornice argued below that this evidence was not admissible under the collateral source rule, it abandoned this argument on appeal. We further conclude that the trial court did not err in awarding attorney fees and costs to the Richardsons. We therefore affirm.

I

Randy and Leslie Richardson own a single story ranch style home on five acres of land in Woodinville. In August 2015, the Richardsons contacted Brad Hickel, owner of Cornice, to find out whether he would be interested in serving as general contractor to direct and supervise construction of an addition to their home. The parties verbally agreed that Cornice would serve as contractor for a fixed price of $200,000 plus agreed upon change orders with a markup of 20 percent. Approximately 30 days after the project commenced, Cornice drafted and signed a written construction agreement. The Richardsons did not sign it.

Work commenced in September 2015. Cornice submitted monthly invoices, including change orders, to the Richardsons. As the project progressed, the Richardsons became increasingly dissatisfied with the quality of Cornice's workmanship and materials. On February 25, 2016, Cornice submitted its final invoice to the Richardsons for $83,495.93. The Richardsons, asserting extensive damages, refused to pay it.

Cornice subsequently recorded a claim of lien against the Richardsons' property and filed a complaint alleging that the Richardsons had failed to pay the final balance of $83,495.93 owed on the parties' contract. The lawsuit sought judgment for breach of contract in the principal amount of $83,495.93, plus costs, prejudgment interest, and reasonable attorney fees. In their answer, the Richardsons denied that they owed Cornice money and denied that Cornice properly recorded its lien. As affirmative defenses, the Richardsons asserted

2

that Cornice failed to complete its tasks in a workmanlike and timely manner and that it failed to properly supervise its subcontractors.

Hydrus Plumbing LLC (Hydrus) was the subcontractor responsible for plumbing work on the Richardson project. In May 2017, Cornice moved for leave to file a third party complaint against Hydrus seeking indemnification for damages caused by Hydrus's allegedly defective plumbing work. After the court granted the motion, Cornice filed a third party complaint against Hydrus for breach of contract and contractual indemnity. Cornice agreed to settle its claims against Hydrus for $32,000, and Hydrus was dismissed from the lawsuit prior to trial. The Richardsons were not a party to this settlement agreement.

A bench trial commenced in November 2017. Cornice argued that the Richardsons were bound by the terms of the written agreement and that it was entitled to recover reasonable attorney fees and costs pursuant to that agreement. Cornice further argued that attorney fees and costs were recoverable under the lien foreclosure statute, RCW 60.04.181(3). The Richardsons asserted that the parties never entered into a written contract, that Cornice wrongfully filed a lien on the property, and that damages caused by Cornice's defective workmanship exceeded the outstanding invoice amount. The Richardsons also noted that Cornice reportedly received a $32,000 settlement payment from Hydrus.

On February 21, 2018, the trial court entered findings of fact, conclusions of law, and remedies. The court ruled that although the parties reached a verbal agreement regarding price and change orders, they did not agree on the other

3

terms and conditions of the agreement drafted by Cornice and no written contract existed. The court also ruled that the Richardsons owed Cornice nothing because their damages exceeded the outstanding invoice amount. The court indicated that it could modify this ruling to the extent the Richardsons' damages exceeded what they owed Cornice. The court further ruled that Cornice's lien against the Richardson property was invalid and that the Richardsons were entitled to reasonable attorney fees and costs incurred in defending against the lien, as well an award of attorney fees for defending against a frivolous lawsuit.

In the remedies section, the trial court included an enumerated list of 24 specific types of damage caused by Cornice. The court also noted that the Richardsons sought to make an offer of proof that Cornice received settlement funds from Hydrus. The court ordered Cornice to "provide the offer of settlement for consideration by this court as mitigation and offset of any monies owed to the Plaintiff." After Cornice complied with the order, the Richardsons argued that the $32,000 settlement payment should be considered an offset against the outstanding invoice balance they owed to Cornice. They also requested $62,000 in attorney fees. In response, Cornice argued that evidence regarding the settlement agreement between Cornice and Hydrus was barred by the collateral source rule.

On April 16, 2018, the trial court entered an "Order Re: Offset" modifying the findings of fact and conclusions of law. The court ruled that evidence of the settlement agreement between Cornice and Hydrus was not excluded by ER 408 or by the collateral source rule. The court also ruled that the damages sustained

by the Richardsons was in excess of the invoice amount and struck its earlier finding that the lawsuit was frivolous. The court ordered that judgment be entered against Cornice as follows:

Richardson Damages ....................$ 113,880.
Less Invoice Amount ...................<$83,495>
Plus Offset ................................$32,000.
Total owed to Richardson .............$62,385.

On May 10, 2018, Cornice filed a notice of appeal seeking review of the April 16, 2018 "Order Re: Offset."

On July 16, 2018, the Richardsons noted presentation of the final judgment to be heard without oral argument. They also moved for an award of contractual attorney fees and costs pursuant to RCW 4.84.330, to be heard on the same day as the judgment presentation. Cornice objected on the ground that the court already entered judgment in its April 16, 2018 order. The Richardsons then filed a motion in this court seeking dismissal of Cornice's appeal as premature because the final judgment had not yet been entered. On July 18, 2018, a commissioner of this court ruled that "[b]ecause the trial court has already determined the liability and the amount of the final judgment to be entered in 10 days, a proper remedy is to stay this appeal pending the final judgment." Cornice did not move to modify the commissioner's ruling.

On July 31, 2018, the trial court entered final judgment in favor of the Richardsons and dismissed Cornice's claim. The court also ruled that the Richardsons were entitled to reasonable attorney fees and costs as the prevailing party pursuant to RCW 4.84.330 and Herzog Aluminum, Inc. v. General American Window Corp., 39 Wn. App. 188, 692 P.2d 867 (1984). The

court awarded $62,385.00 as principal damages, $69,725.00 as reasonable attorney fees, and $524.55 as reasonable costs. After entry of the final judgment, Cornice filed an amended notice of appeal and the stay was lifted.

II

Settlement Agreement

Cornice asserts that the trial court erred in concluding that ER 408 did not exclude evidence of the settlement agreement between Cornice and Hydrus. We review the trial court's interpretation of evidentiary rules de novo. Diaz v. State, 175 Wn.2d 457, 462, 285 P.3d 873 (2012). We review the trial court's decision to admit or exclude evidence under a correctly interpreted evidentiary rule for abuse of discretion. State v. DeVincentis, 150 Wn.2d 11, 17, 74 P.3d 119 (2003).

As a preliminary matter, the Richardsons assert that Cornice cannot raise their ER 408 argument on appeal because they did not raise it below. We generally refuse to review any claim of error not raised in the trial court. RAP 2.5(a). The purpose of the rule is to allow the trial court to correct any error called to its attention, thus avoiding needless appeals and retrials. State v. O'Hara, 167 Wn.2d 91, 98, 217 P.3d 756 (2009). Here, the record lacks direct evidence that Cornice objected to admission of the settlement agreement based on ER 408. However, the record does clearly establish that the trial court considered whether the rule operated to bar admission of the settlement agreement. We thus consider Cornice's ER 408 argument.

6

Cornice argues that the trial court erred in ruling that ER 408 did not bar evidence of its settlement agreement with Hydrus. Cornice contends that ER 408 is intended to prevent exactly what the trial court did here, which was to consider its settlement agreement with Hydrus for the express purpose of determining the Richardsons' damages. We disagree.[1]

ER 408 provides, in pertinent part:

> In a civil case, evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

"The rule is intended to encourage settlements and promote free communication in compromise negotiations." Diaz, 175 Wn.2d at 471 (citing 5A KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE, § 408.1, at 59 (5th ed. 2007)). ER 408 "does not . . . require the exclusion of such evidence when it is offered for another purpose." Brothers v. Pub. Sch. Emps. of Wash., 88 Wn. App. 398, 406, 945 P.2d 208 (1997)).

Under ER 408, offers to settle a claim between parties going to trial are not admissible to prove liability for that claim or its amount. But ER 408 is silent regarding settlement offers involving a third party. Here, the Richardsons asserted no claim against third party Hydrus. Nor were they involved in the settlement agreement between Cornice and Hydrus. Accordingly, in this lawsuit

---

[1] Our holding regarding admissibility of the settlement agreement under ER 408 should not be mistaken for a ruling that the trial court's judgment was correct in all other respects. We resolve the issues as the parties present them.

between Cornice and the Richardsons, ER 408 has no bearing on the admissibility of the settlement agreement between Cornice and Hydrus.

Cornice argued below that the collateral source rule barred admission of the settlement agreement. "'The collateral source rule provides that a tortfeasor may not reduce its liability due to payments received by the injured party from a collateral source' when that source is independent of the tortfeasor." Matsyuk v. State Farm Fire & Cas. Co., 173 Wn.2d 643, 657, 272 P.3d 802 (2012) (quoting Maziarski v. Bair, 83 Wn. App. 835, 841 n.8, 924 P.2d 409 (1996)). Its purpose is to ensure that a fact finder will not reduce a defendant's liability based on money the claimant received from other sources. Mazon v. Krafchick, 158 Wn.2d 440, 452, 144 P.3d 1168 (2006). Cornice abandoned this argument on appeal. Hence, we need not consider it. Holder v. City of Vancouver, 136 Wn. App. 104, 107, 147 P.3d 641 (2006).

Cornice also argues, briefly and without citation to authority, that the award was an inequitable windfall to the Richardsons. "Such '[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.'" West v. Thurston County, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012) (alteration in original) (quoting Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998)).

Attorney Fees

Cornice does not challenge the substantive basis for the trial court's award of contractual attorney fees and costs pursuant to RCW 4.84.330 and Herzog, 39 Wn. App. 188. The sole basis for its challenge is that the Richardsons' July 16,

8

2018 request for additional attorney fees and costs was untimely. The linchpin of its argument is that the April 16, 2018 "Order Re: Offset" was a final determination of the rights of the parties, thereby rendering it a "judgment" for purposes of CR 54(a)(1).[2] Per CR 54(d)(2), parties have 10 days after a judgment is entered to submit a request for attorney fees and costs. Because the Richardsons waited until July 16, 2018 to move for an award of contractual attorney fees and costs pursuant to RCW 4.84.330, Cornice contends that the request was untimely and should have been denied. Cornice further contends that the trial court's July 31, 2018 "final judgment" order was unnecessary and duplicative of the April 2018 order.

Cornice's argument is not persuasive. In ruling on the Richardsons' motion to determine appealability of the April 2018 "Order Re: Offset," the commissioner stayed Cornice's appeal "pending entry of a final judgment." The inescapable conclusion is that the commissioner determined that the April 2018 order was not a final judgment. Cornice filed no response to the motion to determine appealability, nor did it file a RAP 17.7 motion to modify the commissioner's ruling within 30 days of its entry. That ruling is now a final decision of this court. Hough v. Ballard, 108 Wn. App. 272, 277 n.3, 31 P.3d 6 (2001).

Lastly, the Richardsons request attorney fees and costs on appeal based on RCW 4.84.330. "Reasonable attorney fees are recoverable on appeal if allowed by statute, rule, or contract, and the request is made pursuant to RAP

---

[2] CR 54(a) defines a "judgment" as "the final determination of the rights of the parties in the action and includes any decree and order from which an appeal lies."

18.1(a)." In re Guardianship of Wells, 150 Wn. App. 491, 503, 208 P.3d 1126 (2009).

RCW 4.84.330 provides:

> In any action on a contract or lease . . . where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

Here, Cornice's written contract provides that "[i]n the event that a lawsuit is filed to enforce the terms of this Agreement, the prevailing party shall be awarded its attorney fees and costs to be paid by the non-prevailing party." "By its terms, RCW 4.84.330 applies only to contracts with unilateral attorney fee provisions." Kaintz v. PLG, Inc., 147 Wn. App. 782, 786, 197 P.3d 710 (2008). "'[W]here, as here, the agreement already contains a bilateral attorneys' fee provision, RCW 4.84.330 is generally inapplicable.'" Kaintz, 147 Wn. App. at 786 (quoting Hawk v. Branjes, 97 Wn. App. 776, 780, 986 P.2d 841 (1999)). Because RCW 4.84.330 does not apply here, we decline to award attorney fees and costs on appeal on this basis.

Affirmed.

WE CONCUR:

10