[No. 35510.   Department One.   May 25, 1961.]

DAVID B. HALLIN, *as Trustee in Bankruptcy, Appellant,* v.
LOTTIE BODE, *Respondent.*\*

*Frank L. Cathersal (Reuben Lenske,* of counsel), for appellant.

*Stanley J. Krause,* for respondent.

WEAVER, J.—Plaintiff (appellant), as trustee in bankruptcy of Tony Fernandez, commenced this action against defendant to quiet title to eight hundred forty acres of timber land in Pacific county. Plaintiff's claim is based upon a purported deed from defendant to Mr. Fernandez, dated February 21, 1955, filed for record on March 8, 1956, and recorded in book 168, page 289.

March 17, 1956, defendant recorded an affidavit in the office of the auditor of Pacific county, appearing in book 168, page 328, in which she stated:

" . . . That I never signed the instrument described on said page 289 of Vol. 168. That I never received any consideration from Tony Fernandez for any property whatever. . . ."

Plaintiff's counsel was accurate when he stated at the opening of the trial that

" . . . the pleadings in this case indicate a dispute over the execution of an instrument denominated Exhibit

\*Reported in 362 P. (2d) 242.

A in the Complaint. . . . The difference of opinion lies in the denial . . . that this transaction occurred."

To set forth in detail the conflicting testimony of Mr. Fernandez, the notary public on the purported deed, and the defendant would serve no useful purpose.

The crux of this case is found in the findings of fact, which state:

"That after obtaining the signature of the defendant Lottie Bode, on blank pieces of paper as set forth in paragraphs V and VI above, and without the knowledge, consent and approval of Lottie Bode, Tony Fernandez, or some person in behalf of Tony Fernandez, typed the purported instrument as set forth in paragraph IV above. That the instrument was signed and sealed by the Notary Public after the insertion of the typing without the instrument being acknowledged by Lottie Bode as her free and voluntary act and deed." Finding of Fact VII.

" . . . That said purported instrument was never executed or acknowledged or signed by defendant, Lottie Bode, nor was it delivered by Lottie Bode, or someone on her behalf, to Tony Fernandez, or someone on his behalf." Finding of Fact IV.

The trial court concluded that the deed in question "is a forgery and is void."

█ This case is a striking example of the wisdom of our rule that the trial court, having the witnesses before it, is in a better position to arrive at the truth than is the appellate court. As we said in *In re Dand's Estate*, 41 Wn. (2d) 158, 163, 247 P. (2d) 1016 (1952),

" . . . The respondents are entitled to the benefit of all evidence and reasonable inference therefrom in support of the findings of fact entered by the trial court. Two different theories were presented. The trial court rejected one and accepted the other. . . ."

Our disposition of this case is governed by the rationale of *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 575, 343 P. (2d) 183 (1959), wherein we said:

"The findings are amply sustained by the proofs. If we were of the opinion that the trial court should have resolved the factual dispute the other way, the constitution **does**

not authorize this court to substitute its findings for that of the trial court. . . ."

Since plaintiff's remaining assignments of error are based upon the validity of the deed, we do not reach them.

The judgment is affirmed.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.