[No. 36569.    Department Two.    December 5, 1963.]

CLAIRE ALTMAN, *Appellant*, v. ELSWOOD SIGURDSON *et al.,* *Respondents,* JOHN SIGURDSON *et al., Intervenors.**

*Philip W. Richardson,* for appellant.

*Joseph P. Mathews, Jr.,* for respondents.

PER CURIAM.—Plaintiff brought this action to replevy a number of household articles, or for damages in the sum of $500. Typical of the articles claimed were dishes, glassware, cutlery, ceramic pieces, sugar and creamer sets, Christmas tree ornaments and bric-a-brac. Plaintiff testified that she had rented her home in Bellingham to the defendants at a reduced rental on condition she be allowed to store the articles in the attic. She said that, in many visits to the house, she had seen these things in use by the defendants. She testified that later she noticed many of her things in a vacant house formerly occupied by relatives of the defendants in Blaine. She induced police officers to enter the house and take possession of the articles described by her. In her testimony, plaintiff described with particularity the occasions when and means by which she had acquired possession of the articles and told many family anecdotes about them.

Defendants denied that plaintiff had ever had any ownership in the articles and asserted their own title and right to possession of them. They too described with particularity

*Reported in 387 P. (2d) 375.

the occasions when and means by which they had acquired the articles and told many anecdotes concerning the details and circumstances of acquisition. This evidence was supported and corroborated by defendants' relatives who intervened and gave evidence concerning their own claim to many of the items.

The evidence is in sharp conflict as to the acquisition and ownership of each article sought to be replevied. The trial court heard plaintiff's evidence in support of her claim to ownership and right to possession and the evidence presented by the defendants and intervenors. From this conflicting evidence, the trial court thereupon found that the plaintiff never had been the owner of or entitled to the possession of any of the articles described; it found that defendants and intervenors at all times material to the case had been and were the owners of and entitled to possession of the articles. Accordingly, the court ordered the sheriff to restore the articles to the owners as decreed and denied plaintiff recovery.

The evidence was not only conflicting, but hopelessly irreconcilable; the court could not hold partly for one and partly for the other. All items under this evidence had to be either the property of the plaintiff or of the defendants or intervenors.

Plaintiff appeals, challenging each finding of fact which declares ownership of specific articles in the defendants and intervenors and arguing that the trial court did not give appropriate weight to plaintiff's evidence.

■ The conflicting evidence brings this case directly within the familiar rule stated in *Kaufman v. Kaufman,* 60 Wn. (2d) 1, 371 P. (2d) 535:

"A reading of the record satisfies us that, confronted with conflicting evidence, circumstances, and inferences, the trial court gave careful consideration to appellant's contentions, the evidentiary matters urged in support thereof, and appellant's proffered findings. Upon the factual issue of intent, the trial court found adversely to appellant's position, and rejected appellant's proffered findings. We will not substitute our findings, under such circumstances, for

those of the trial court. *Hallin v. Bode,* 58 Wn. (2d) 280, 362 P. (2d) 242."

Our study of the record shows the court's findings to be supported by substantial evidence in all respects. They will not be disturbed on appeal. *Dakin v. Dakin,* 62 Wn. (2d) 687, 384 P. (2d) 639 (1963); *Moar v. Beaudry,* 62 Wn. (2d) 98, 381 P. (2d) 240 (1963).

Judgment affirmed.