119 P.3d 926 (2005)
KEEVER & ASSOCIATES, INC., Respondent and Cross-Appellant,
v.
William RANDALL and Jane Doe Randall, husband and wife, and the marital community composed thereof, Appellants.
No. 22857-6-III.
Court of Appeals of Washington, Division 3, Panel Three.
September 20, 2005.
*927 Richard T. Cole, Attorney at Law, Ellensburg, WA, for Appellants.
Steven A. Branom, Attorney at Law, Seattle, WA, for Respondent.
SCHULTHEIS, J.
¶ 1 Administrative time expended by a contractor is generally not a cost contemplated by the parties in a cost-plus construction contract. E.g., 17A AM.JUR.2D Contracts § 495 (2004). Here, after a bench trial the court found that the owner agreed to pay the general contractor the actual costs of labor and materials, plus 10 percent for overhead and profit. It then determined that the president of the general contracting firm should have been paid for his administrative time supervising a contract because his time was an actual cost to the general contractor. This conclusion is not supported by the findings since he did not discuss his rate with the owner, he did not charge the fee at the outset of the project, and he did not keep records of his time. Further, because he was not paid anything by the general contractor there was no expense to the general contractor, and therefore it was not an actual cost. We therefore reverse and remand that award. Since we find no merit in the remaining contentions, we also affirm in part.

FACTS
¶ 2 Keever & Associates, Inc. (the general contractor) sued William Randall for monies due under an oral cost-plus contract for the construction of a barn and residence in Kittitas County, Washington. After a bench trial, the trial court ruled that in 1997 the parties agreed to an oral contract by which the parties intended that Mr. Randall pay the general contractor the actual cost of labor and materials it expended plus 10 percent for overhead and profit. As such, even though the general contractor billed Mr. Randall for general laborers at $25 per hour, carpenters at $30 per hour, and foremen at $35 per hour, the court ruled that he would only be responsible for the actual labor cost to the general contractor-wages paid to the workers plus taxes and other assessments. The court also held that monies for materials and rental fees paid directly by Mr. Randall in the total sum of $115,266.43 as well as $15,000 he paid to a supplier for a deposit for materials were not subject to the general contractor's 10 percent assessment. However, the court held that the president of the general contractor, Edward Keever, was entitled to recover $39,325 "to administer the contract." Clerk's Papers (CP) at 67.
¶ 3 Mr. Randall appeals, claiming the general contractor is not entitled to recover the cost of administering the contract. The general contractor cross-appeals, claiming it was entitled to charge its 10 percent cost-plus assessment against the monies paid directly by Mr. Randall for materials and for the deposit to the supplier, and it was entitled to recover the amount it charged for labor rather than its actual cost.

ANALYSIS

a. Costs for contract administration
¶ 4 After a trial court has weighed the evidence in a bench trial, appellate review is limited to determining whether substantial evidence supports the findings of fact *928 and, if so, whether the findings support the conclusions of law. City of Tacoma v. State, 117 Wash.2d 348, 361, 816 P.2d 7 (1991). Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise. Fred Hutchinson Cancer Research Ctr. v. Holman, 107 Wash.2d 693, 712, 732 P.2d 974 (1987). If that standard is satisfied, we will not substitute our judgment for that of the trial court even though we may have resolved disputed facts differently. Sunnyside Valley Irrigation Dist. v. Dickie, 149 Wash.2d 873, 879-80, 73 P.3d 369 (2003) (citing Croton Chem. Corp. v. Birkenwald, Inc., 50 Wash.2d 684, 314 P.2d 622 (1957)). A respondent in a bench trial is "`"entitled to the benefit of all evidence and reasonable inference therefrom in support of the findings of fact entered by the trial court."'" Mason v. Mortgage Am., Inc., 114 Wash.2d 842, 853, 792 P.2d 142 (1990) (quoting Lidstrand v. Silvercrest Indus., 28 Wash.App. 359, 364, 623 P.2d 710 (1981) (quoting Hallin v. Bode, 58 Wash.2d 280, 281, 362 P.2d 242 (1961))).
¶ 5 "In a cost-plus-a-percentage-of-the-cost contract, the contracting party reimburses the contractor for the costs of the material and labor and the contractor's profit or gain is to be a certain percentage of the total cost of the project." 17A AM.JUR.2D Contracts § 495. Here, the trial court found that the parties entered into an oral contract by which Mr. Randall agreed to pay the general contractor the actual cost of the labor and materials it expended plus 10 percent. Neither party challenges the finding. It is a verity on appeal. Professionals 100 v. Prestige Realty, Inc., 80 Wash.App. 833, 841, 911 P.2d 1358 (1996) (citing State v. Hill, 123 Wash.2d 641, 644, 870 P.2d 313 (1994)).
¶ 6 The trial court ultimately held that Mr. Keever was entitled to $39,325 to administer the contract. Mr. Randall challenges this as a finding. This is, however, a conclusion of law. See Para-Medical Leasing, Inc. v. Hangen, 48 Wash.App. 389, 397, 739 P.2d 717 (1987) ("If a term carries legal implications, a determination of whether it has been established in a case is a conclusion of law"). We review erroneously labeled findings of fact that are conclusions of law de novo. Willener v. Sweeting, 107 Wash.2d 388, 394, 730 P.2d 45 (1986); Woodruff v. McClellan, 95 Wash.2d 394, 396, 622 P.2d 1268 (1980). Mr. Randall's argument is better applied to the trial court's determination in its memorandum decision that the administrative fee was an actual cost to the general contractor.[1] This is also a conclusion of law. First, the court found in its memorandum opinion that while Mr. Keever made Mr. Randall aware of the rates for his other workers, he never discussed charging an administrative fee or a rate for that fee. CP at 62, 66. Second, the court also found that Mr. Keever did not charge the administrative fee at the outset of the project. CP at 62. He only did so when he felt he was expending too much time on the project. Third, the court found Mr. Keever did not keep records of his time; his hours were estimated and/or averaged. Id. This is in contrast to the evidence presented for the cost of other labor and materials for which there were time cards and receipts. These findings do not support the conclusion that the administrative fee is an actual cost.
¶ 7 Moreover, the administrative fee cannot be an actual cost recoverable by the general contractor because it did not cost the general contractor anything. The general contractor showed that Mr. Keever expended time on the project, but the general contractor did not pay him for that time. Report of Proceedings (Apr. 3, 2003) at 3. As the administrative expenses were paid by Mr. Randall, the money was deposited into the general contractor's account. Id. Thus, the payment was essentially additional overhead/profit to the general contractoron top of the 10 percentbecause the general contractor expended nothing to get it.
*929 ¶ 8 This decision is also inconsistent with the trial court's determination that Mr. Randall would be responsible only for the actual labor costs rather than the inflated labor costs that the general contractor billed to Mr. Randall. While the trial court distinguished a billed labor cost from an actual labor cost in that instance, it failed to see that the billed administrative charge was not an actual cost to the general contractor even when the administrative fee charged resulted in no cost whatsoever to the general contractor.
¶ 9 Additionally, it is a generally accepted principle that administrative time is not covered under a cost-plus contract. As stated in one treatise:
The answer to the question as to what specifically is included in the "cost" under a "cost-plus" contract generally depends upon a construction of the contract and its terms.... [I]n a cost-plus contract, the contractor cannot charge for mere administrative supervision in the absence of an agreement with the other party. The rationale for disallowing such supervision charges is that the percentage or plus that is added to the actual costs is contemplated to be compensation for the administrative supervision.
17A AM.JUR.2D Contracts § 495 (footnotes omitted). See also 13 AM.JUR.2D Building & Construction Contracts § 19 (2000) ("Under a cost-plus contract, the contractor is not entitled, in addition to the percentage called for in the contract, to charge for his or her general or overhead expenses, such as salaries, telephone service, and office supplies, for his or her own time in superintending the work") (footnotes omitted); Ellis Millwork, Inc. v. Frees, Inc., 493 So.2d 696, 698 (La.Ct.App.2d Cir.1986) (same); Don Nelsen Constr. Co. v. Landen, 198 Neb. 533, 253 N.W.2d 849, 852-53 (1977) (same); Wymard v. McCloskey & Co., 342 F.2d 495, 499 (3rd Cir.1965) (applying Pennsylvania and Maryland law, cost-plus contact does not impose an obligation to pay anything for general overhead, including supervision). Significantly, in Eggers v. Luster, 32 Wash.2d 86, 95, 200 P.2d 520 (1948), the Washington Supreme Court affirmed without analysis a trial court's ruling that an owner was not required to pay the salary of a superintendent under a cost-plus contract where the parties agreed to pay the actual cost of construction plus 20 percent for profit and overhead.

b. Quantum meruit
¶ 10 The general contractor claims it is entitled to judgment for its administrative fee under the doctrine of quantum meruit. While the trial court acknowledged that the general contractor sought compensation under quantum meruit, the court did not address the theory or imply that it was accepted. On appeal, though, we may affirm the lower court on any grounds established by the pleadings and supported by the record. LaMon v. Butler, 112 Wash.2d 193, 200-01, 770 P.2d 1027 (1989).
¶ 11 The doctrine requires a showing "that not only was the party sought to be held enriched, but the enrichment must be unjust." Chandler v. Wash. Toll Bridge Auth., 17 Wash.2d 591, 601, 137 P.2d 97 (1943). Thus, the "`mere fact that a person benefits another is not of itself sufficient to require the other to make restitution.'" Id. (quoting RESTATEMENT OF THE LAW OF RESTITUTION, p. 13, § 1(c)). Here, the court did not find and the record does not support a finding that Mr. Randall's retention of Mr. Keever's time would be unjust. Quantum meruit does not apply.

c. Cross-appeal
¶ 12 The general contractor assigns error to the trial court's findings of fact and other determinations but does nothing to support them. When an issue is not argued, briefed, or supported by citation to the record or authority, it is generally waived. Weems v. N. Franklin Sch. Dist., 109 Wash.App. 767, 778-79, 37 P.3d 354 (2002); RAP 10.3(a)(5). The general contractor's contentions also have no merit.
¶ 13 It first contends on cross-appeal that the trial court erred in determining that it could recover only its actual costs for labor rather than the amount it billed. First, the general contractor did not challenge the trial court's finding that the parties *930 agreed to a contract whereby Mr. Randall was to pay the general contractor's actual costs of labor. It is a verity. Professionals 100, 80 Wash.App. at 841, 911 P.2d 1358. Second, just as the burden of proving a contract is on the party asserting one, the burden of proving the modification of a contract is on the party asserting it. Hanson v. Puget Sound Navigation Co., 52 Wash.2d 124, 127, 323 P.2d 655 (1958). The general contractor did not prove a modification of the original contract. This contention fails.
¶ 14 Next, the general contractor contends that the court erred when it ruled it was not entitled to charge 10 percent for materials paid directly by Mr. Randall. The trial court found that because those costs paid directly by Mr. Randall were not actual costs to the general contractor, it was not entitled to levy the 10 percent fee. CP at 67. The general contractor does not persuade us otherwise under the applicable appellate standard.
¶ 15 Finally, the general contractor complains that it is entitled to recover 10 percent of a $15,000 deposit that it forwarded to a supplier. The trial court observed in its memorandum decision that it was clear that the general contractor did not pay the advance and the general contractor did not convince the court that it billed Mr. Randall for the advance; therefore, it had not shown any reason why it should be paid. CP at 61. We decline to disturb the court's factual determination, particularly when the general contractor has provided no argument to support its assignment of error. See Fisher Props., Inc. v. Arden-Mayfair, Inc., 115 Wash.2d 364, 369, 798 P.2d 799 (1990) (acknowledging that the court in a bench trial is in a better position to evaluate the credibility of witnesses and that the reviewing court will not substitute its judgment regarding factual determinations, and upholding a finding when the party challenging it failed to show it was not supported by substantial evidence).

CONCLUSION
¶ 16 We affirm in part, reverse in part, and remand for entry of a judgment consistent with this opinion.
WE CONCUR: SWEENEY, A.C.J., and BROWN, J.
NOTES
[1] The memorandum decision states, "`Cost' also includes Keever's administrative fee of performing the contract at $55 per hour." CP at 17. The memorandum decision was incorporated into the findings of fact and conclusions of law. CP at 65. Mr. Randall observes that the court did not make a "finding" that the administrative fee was an actual cost. Appellant's Br. at 8. It is apparent that he challenges the determination. Id. See Para-Medical Leasing, 48 Wash.App. at 393, 739 P.2d 717.