# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JILL E. LANE AND JAMES C. MCCLUNG, III | ) ) ) | No. 69928-8-I |
| Appellants, | ) ) | DIVISION ONE |
| v. | ) ) ) | |
| MARK von der BURG; COLDWELL BANKER BAIN; BELLEVUE/COLDWELL BANKER REAL ESTATE LLC; DAWN GADWA; FIRST CITIZENS BANK WASHINGTON/FIRST CITIZENS BANC SHARES. | ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) | FILED: April 21, 2014 |

SPEARMAN, C.J. — Jill E. Lane and her attorney, Andrew L. Magee, appeal the trial court's order imposing CR 11 sanctions and its denial of their motion to reconsider. Because the trial court properly found that (1) Lane's claims against the respondents were not warranted by existing case law and (2) Lane failed to make a reasonable inquiry into the factual or legal basis for her claims, we affirm.

## FACTS

In early summer of 2010, Jill Lane and two others unlawfully entered and occupied a multi-million dollar Kirkland mansion owned by First Citizens Bank & Trust Company (FCB). The vacant property had been foreclosed and was listed for sale by FCB's realtor, Mark von der Burg.

On June 6, 2010, von der Burg became aware that unidentified individuals were living in the mansion. He called the Kirkland Police Department (KPD) to investigate. Upon arrival at the property, a KPD officer observed Lane and two other individuals outside the garage. The officer approached Lane, who identified herself as the new owner of the property. A short time later, von der Burg arrived at the property and spoke with the KPD officer and Lane, who continued to insist that she owned the property. Based on this incident, Lane was later charged with and found guilty of criminal trespass in the first degree in Kirkland Municipal Court.[1]

The following day, Lane contacted von der Burg to schedule a meeting to discuss her purported ownership of the property. The meeting occurred that afternoon at von der Burg's offices. At least five people were present: von der Burg; Lane; James McClung, Lane's Broker; Dawn Gadwa, an FCB employee; and another woman, who Lane identified as McClung's assistant. At the meeting, Lane and McClung purported to explain that Lane's brief occupancy of the property had secured her an ownership interest or right of occupancy through a nebulous form of squatter's rights, which they dubbed "Banker's Acceptance." Clerk's Paper (CP) at 474. They also expressed Lane's willingness to purchase the property from FCB through the usual process of a real estate purchase and sale agreement. Unbeknownst to Lane, von der Burg made an audio recording of this conversation.

---

[1] FCB also obtained favorable judgment in an unlawful detainer action against Lane.

Lane became aware of the recording during the course of her criminal trespass trial in Kirkland Municipal Court. Von der Burg, who was expected to testify on behalf of the City, sought the court's permission to assert the Fifth Amendment privilege against self-incrimination as to any questions that might be asked about the recording. It appears undisputed that the court granted the request based on evidence that von der Burg had admitted to making the recording without Lane's knowledge or consent. The court appeared to acknowledge that the act was a possible criminal violation.

On May 31, 2012, Lane and McClung sued FCB and von der Burg alleging that von der Burg's recording of the June 2010 meeting was obtained in violation of chapter 9.73 RCW, Washington's Privacy Act.[2] On October 26, 2012, the trial court granted FCB's motion for summary judgment dismissal and von der Burg's motion to dismiss for failure to state a claim pursuant to CR 12(b)(6).

Throughout litigation of this case, FCB and von der Burg maintained that Lane's claim was baseless. They repeatedly advised her attorney, Magee, that her claim had no basis in law and was, therefore, filed in violation of CR 11.[3] After Lane refused to withdraw her claim and judgment was entered against her, FCB and von der Burg moved the court for sanctions pursuant to RCW 4.84.185 and CR 11.

---

[2] McClung had previously been voluntarily dismissed with prejudice from this action, but the court's order indicated that FCB retained the right to bring claims against McClung pursuant to RCW 4.84.185 and CR 11.

[3] FCB's attorney, Chad Arceneaux, attested to verbally admonishing Magee that Lane's claim was baseless and CR 11 sanctions would be warranted if she persisted in this action. He also sent three letters to Magee reiterating this warning, copies of which were attached as exhibits to his declaration in support of FCB's CR 11 motion. Von der Burg's attorney, Hunter Abell, also advised that it would seek CR 11 sanctions upon dismissal of Lane's claims.

Lane moved to strike the motions as untimely, requested oral argument, and sought a continuance. She also alleged, as one basis for a reasonable belief that Lane's claim was well grounded in fact and law, that the Kirkland Municipal Court judge who tried Lane's trespass case had "acknowledged on the record that the recording was made unlawfully and, therefore, pursuant to the pertinent RCW was not admissible as evidence." CP at 112. The trial court denied the motions to strike and for oral argument, but granted Lane a thirty-day continuance. The trial court also explained that if Lane was able to produce evidence that, prior to filing, she was aware a judicial officer had determined the conversation at issue was recorded unlawfully, such evidence might establish that her claim, "while not legally viable, was not unreasonable or frivolous." CP at 195-96.

On December 11, 2012, Lane filed her substantive response to the CR 11 motions, which included as exhibits certified copies of transcripts and documents filed in the Kirkland Municipal Court criminal trespass action. In particular, her submission contained transcripts of pretrial hearings on April 16, 2012 and June 18, 2012. The first hearing occurred soon after Lane became aware of the recording and before she filed the instant case on May 31, 2012. During the course of this hearing, the City prosecutor acknowledged admissions by von der Burg that he had recorded the June 7 meeting without Lane's knowledge or consent. Magee also advised the court that he had referred the matter to the Kirkland Police Department for investigation. And the City prosecutor and the judge acknowledged that the recording "may have been unlawful." CP at 896. During the June 18 hearing, von der Burg, through his attorney, sought the

4

court's permission to refuse to answer questions about the recording based on his Fifth Amendment right against self-incrimination.

On January 3, 2013, the trial court granted both motions for sanctions and attorney's fees pursuant to CR 11.[4] The trial court found that Lane failed to provide any evidence that the action was warranted by existing case law or that there was a good faith argument for extension of existing law, and that Lane failed to make reasonable inquiry into the factual or legal basis of the action prior to filing. With respect to the evidence cited in Lane's December 11, 2012, response, the trial court found that:

> [The] presentation to the Court of "evidence" supporting the assertion that there was a reasonable basis for the claim because of statements from the [Kirkland Municipal] court that the action of [von der Burg] was unlawful were based on evidence that was not even in existence prior to the filing of the complaint[5] and a transcript of a [Kirkland Municipal court] hearing that was not made by a certified transcriptionist, appeared to have been selectively transcribed, and, even if considered, contained at best a statement from the Court that identified that there might be an issue as to whether the recording was made illegally.

CP at 963. The trial court awarded FCB and Von der Burg $16,000 each in attorney's fees, along with post-judgment interest, payable jointly and severally by Lane and Magee.[6] Lane and Magee unsuccessfully moved the trial court for reconsideration. CP at 965, 971. They appeal.

---

[4] Both FCB and Von der Burg moved for sanctions pursuant to RCW 4.84.185 as well as CR 11. The trial court's order, however, does not cite RCW 4.84.185 as a basis for the awards.

[5] That the trial court failed to distinguish between the evidence from Kirkland Municipal Court in existence before Lane filed this case and that created after is immaterial to its decision or to the outcome of this appeal.

[6] CR 11 explicitly permits the court to sanction both the signer of the sanctionable pleading (Magee) and the represented party (Lane). The trial court did not explain its basis for imposing sanctions against both Lane and Magee.

5

DISCUSSION

Lane and Magee contend the trial court erred in its rulings on the CR 11 motions because due process guarantees entitled them to oral argument on the motions and because Lane's claim was not baseless. We conclude that due process was served in this case because Lane and Magee received notice of CR 11 proceedings and had a full and fair opportunity to respond. We also conclude that imposition of CR 11 sanctions was within the sound discretion of the trial court where Lane's claim lacked a legal basis and no evidence established that Magee, as the attorney who signed the complaint, conducted a reasonable pre-filing inquiry. We affirm.

Due Process

We review an award of CR 11 sanctions for abuse of discretion. Biggs v. Vail, 124 Wn.2d 193, 197, 876 P.2d 448 (1994). The range of discretionary choices is a question of law and the judge abuses his or her discretion if the discretionary decision is contrary to law. State v. Neal, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001).

Lane and Magee contend that the trial court's decision to deny oral argument on the CR 11 motions was a denial of procedural due process. They cite Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 829 P.2d 1099 (1992), in support of this proposition, but their reliance on that case is misplaced. In Bryant, during the course of appellate proceedings, one of the parties sought to disqualify an attorney for the opposing party. The motion was denied by a commissioner of the Court of Appeals, which also denied the opposing party's motion for sanctions. The opposing party renewed the motion when its appellate

brief was filed. We heard oral argument on the matter and in the course of our opinion granted the motion for sanctions. The sanctioned party appealed to the Supreme Court arguing, among other things, that the Court of Appeals sanctioned him without affording him adequate due process. The argument was rejected because the sanctioned party had both notice of the motion and an opportunity to be heard at oral argument. But nowhere in the Supreme Court's opinion does it state that oral argument is a necessary component of due process when sanctions are sought pursuant to CR 11.

Lane and Magee also appear to argue that KCLCR 7(b)(4)(B) requires oral argument on all dispositive motions. They then argue, without citation to any authority, that a CR 11 motion is a "dispositive" motion which under the rule must be set for oral argument. We reject this contention. First, because no authority is cited for the contention that CR 11 motions are dispositive we need not consider the argument. Seventh Elect Church in Israel v. Rogers, 34 Wn. App. 105, 120, 660 P.2d 280 (1983). Second, even if we were to consider it, the argument is unsupported by the text of KCLCR 7(b)(4)(B) which provides:

> Scheduling Oral Argument on Dispositive Motions. The time and date for hearing shall be scheduled in advance by contacting the staff of the hearing judge.

It neither defines "dispositive" motions nor mandates that oral argument be heard. It merely directs how oral arguments are to be scheduled.

Lane and Magee are correct that CR 11 motions must comport with due process. Bryant, 119 Wn.2d at 224. But due process does not require any particular form or procedure. It requires only that a party receive notice of proceedings and an opportunity to present its position before a competent

7

tribunal. Id.; see also Buechler v. Wenatchee Valley College, 174 Wn. App. 141, 156-57, 298 P.3d 110, rev. denied, 178 Wn.2d 1005 (2013) (citing Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975)).

In this case, Lane and Magee were served with the CR 11 motions upon filing, and were therefore notified of the proceedings. In addition, prior to FCB and von der Burg filing the motions, Lane and Magee were repeatedly advised by opposing counsel that the filing of her claim violated CR 11. Lane and Magee also had an opportunity to present their position to the court. Indeed, the trial court granted a thirty-day continuance for Lane and Magee to supplement their response, directed them toward the specific evidence that could be relevant to a disposition in their favor, and considered their memorandum in opposition to the CR 11 motions. Lane and Magee were accorded due process.

### Basis for CR 11 Sanctions

CR 11(a) provides in relevant part:

> The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact; (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law....

On review of a motion ordering CR 11 sanctions, "we must keep in mind that '[t]he purpose behind CR 11 is to deter baseless filings and to curb abuses of the justice system.'" Biggs, 124 Wn.2d at 197 (quoting Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992)). Sanctions may be imposed under this rule if a complaint lacks a factual or legal basis and the attorney or

party who signed it failed to conduct a reasonable inquiry into the factual or legal basis of the action. Bryant, 119 Wn.2d at 220. We employ an objective standard to determine whether a reasonable attorney in like circumstances could believe his or her actions to be factually and legally justified at the time the pleading was submitted. Id.

In this case, the trial court concluded that CR 11 sanctions were justified because (1) Lane's claim was not warranted by existing case law and (2) Lane did not make a reasonable inquiry into the factual or legal basis of the action. Lane and Magee challenge these conclusions.

We review the trial court's legal conclusions de novo. In re Detention of Peterson, 145 Wn.2d 789, 800, 42 P.3d 952 (2002). In so doing, we first determine whether the trial court's factual findings are supported by substantial evidence and, if so, whether those findings support the trial court's conclusions of law. Keever & Assoc., Inc. v. Randall, 129 Wn. App. 733, 737, 119 P.3d 926 (2005). Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise. Id. at 734, 119 P.3d 926.

We find no error in the trial court's conclusion that Lane's claim was not warranted by existing case law. Generally, Washington's Privacy Act creates a civil cause of action against one who records any "private conversation" without first obtaining the consent of all the persons engaged in the conversation. RCW 9.73.030(1)(b); .060. The Legislature did not define the term "private." Washington courts accord the term "private conversation" its ordinary and usual meaning; the word "private" has been interpreted as "belonging to one's self...secret...intended only for the persons involved (a conversation)...holding a

9

confidential relationship to something...a secret message: a private communication...secretly; not open or in public." State v. D.J.W., 76 Wn. App. 135, 140-141, 882 P.2d 1199 (1999) (internal citations omitted).

Although the question of whether a particular conversation is private is a question of fact, where the facts are undisputed and reasonable minds could not differ, the issue may be determined as a matter of law. E.g., State v. Clark, 129 Wn.2d 211, 225, 916 P.2d 384 (1996); see also Kadoranian v. Bellingham Police Dep't., 119 Wn.2d 178, 190, 829 P.2d 1061 (1992). We apply a subjective standard, analyzing whether a conversation was private under the circumstances of a particular case. State v. Clark, 129 Wn.2d 211, 224, 916 P.2d 384 (1996) (en banc). The intent or reasonable expectation of the participants, including the reasonable expectation of privacy, if any, as manifested by the facts and circumstances of each case, controls as to whether a conversation is private. Id. (citing Kadoranian, 119 Wn.2d at 189). We also look to other factors bearing upon the reasonable expectations and intent of the participants, including duration, subject matter and location of the conversation, and presence or potential presence of a third party. Id. (citing Kadoranian, 119 Wn.2d at 190-91; State v. Slemmer, 48 Wn. App. 48, 53, 738 P.2d 281 (1987)).

In this case, the recorded conversation concerned two issues. First, Lane and McClung explained to FCB's realtor, von der Burg, and its employee, Gadwa, the basis for Lane's occupancy of and claim to the property. Second, Lane offered to purchase the property. No reasonable person could conclude that this conversation was private.

Lane claims that she presumed "that this was a private meeting to discuss what is normally a private matter, the negotiation and purchase price and offer on a house." CP at 238. But Lane's presumption is insufficient to establish the claim because "any [interested party] will contend that his or her conversation was intended to be private." State v. Clark, 129 Wn.2d at 225. Moreover, it was unreasonable for Lane to expect that von der Burg or Gadwa would not convey her offer and the explanation for her occupancy of the property to other employees of FCB[7] and to those investigating the criminal trespass allegation.[8] In addition, it does not appear that at any time during the course of the June 7 meeting that Lane expressed a concern that the conversation remain confidential. The trial court properly concluded that Lane's action was not warranted under existing law because the subject conversation was not "private", as that term is defined in the relevant case law.

We also find no error in the trial court's conclusion that Lane did not make a reasonable inquiry into the factual or legal basis of her claim. Lane and Magee argue that a reasonable pretrial inquiry was conducted and, consequently,

---

[7] In reply, Lane and Magee argue that through the presence of Gadwa, FCB was a participant in the meeting. Therefore, any communication of an offer from Lane to another FCB employee by Gadwa or von der Burg is still among participants in the meeting and remains private. Because the argument was not made until appellants' reply, we do not consider it. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992)("An issue raised and argued for the first time in a reply brief is too late to warrant consideration." (Citing In re Marriage of Sacco, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990)).

[8] Lane was well aware that Von der Burg had called the police to have her removed from the house and that criminal charges could follow. Under these circumstances no reasonable person could believe that any statements made during the conversation about her occupancy of the house would not be made available to investigating authorities.

sanctions are not warranted. But we find no evidence to support this argument and Lane and Magee point to none.

In response to the CR 11 motions, Lane did not set out any efforts she took to establish a factual and legal basis for this claim. Instead, she relied solely on certified copies of transcripts and documents filed in her criminal trespass trial in Kirkland Municipal Court. This reliance was misplaced.

As discussed above, the Kirkland Municipal Court evidence consisted primarily of transcripts and documents from pretrial hearings on April 16 and June 18, 2012. The only relevant part of this evidence is that which was available to Lane prior to May 31, 2012, the date she filed this case. The evidence from the April 16 hearing showed that Von der Burg admitted to recording the meeting without Lane's knowledge and consent and that the Kirkland Municipal Court judge and the City prosecutor acknowledged that the recording may have been unlawful. Von der Burg's admissions are insufficient to establish liability under the Privacy Act, unless the recorded conversation was also "private." Clark, 129 Wn.2d at 224. Moreover, because there is no evidence that either the Kirkland Municipal Court judge or the City prosecutor considered whether the recorded conversation was "private," their conclusions as to the lawfulness of the recording are of no help to Lane. Thus, the evidence from Kirkland Municipal Court is, by itself, inadequate to establish that Lane conducted a reasonable inquiry into the factual or legal basis for her claim. Without some evidence that Lane conducted an independent inquiry into whether the recorded conversation was "private," as that term is defined in case law, she cannot show that she conducted a

reasonable inquiry into the factual or legal basis for her claim. The trial court did not err in concluding that Lane had failed make such a showing.

### Attorney Fees on Appeal

FCB and von der Burg claim that this appeal is frivolous and request attorney fees and costs incurred in its defense. RAP 18.1 (a); In re Recall Charges Against Feetham, 149 Wn.2d 860, 72 P.3d 741 (2003). An appeal is frivolous if there are "'no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility'" of success. Id. (quoting Millers Cas. Ins. v. Briggs, 100 Wn.2d 9, 15, 665 P.2d 887 (1983)).

With respect to Lane and Magee's first issue—the trial court's denial of oral argument on the CR 11 motions—we find no debatable issues. By court rule, the trial court had discretion to deny their request for oral argument on the motions. And it is plain from the record that due process was served in this case because Lane and Magee received notice and ample opportunity to be heard on the motions.

As to the second issue—the trial court's imposition of CR 11 sanctions— we find no reasonable possibility of success on appeal. To succeed, Lane and Magee needed to establish that there was a factual and legal basis for the claim and Magee undertook a reasonable pretrial inquiry to establish the claim. But, as stated above, no reasonable person would have concluded that the conversation at issue here was private within the meaning of the Privacy Act. Moreover, Magee offered no evidence whatsoever—either at trial or on appeal—that he undertook the required inquiry into the factual and legal basis of this claim.

13

We conclude that this appeal lacks merit and is frivolous and grant FCB and Von der Burg's request for attorney fees and costs on appeal, subject to compliance with RAP 18.1.

*Affirm.*

WE CONCUR:

Spearman, C.J.

Leach, J.