FILED
COURT OF APPEALS DIV
STATE OF WASHINGTON

2014 JUN -9 AM 8: 47



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

IN RE CUSTODY OF
N.J.R.S.: 

RONALD AND JOYE ROSS,

           Respondents,

    V.

DONALD SCOTT,

           Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 71648-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 9, 2014

SPEARMAN, C.J. — This case arises from an ongoing dispute over visitation of N.J.R.S., a minor child, between the child's father, Donald Scott, and maternal grandparents, Ronald and Joy Ross. The superior court for Deschutes County, Oregon entered an order granting visitation to the grandparents. Scott, who is a resident of Washington, refused to comply with the order on the grounds that the Oregon court lacked jurisdiction over the matter. The Oregon court held Scott in contempt, ordering him to resume the visitation schedule and pay monetary sanctions. The grandparents successfully moved the superior court for Kitsap County, Washington to give full faith and credit to the Oregon orders. We affirm.

FACTS

In 2004, Donald Scott and Richelle Ross filed for dissolution in the Superior Court for Deschutes County, Oregon. On January 1, 2008, the Oregon court entered a final order in the dissolution case. The court granted the couple joint custody of their child, N.J.R.S., with physical custody to remain with the child's mother.

N.J.R.S. lived with her mother in Oregon until September 23, 2009, when her mother passed away unexpectedly. The child's maternal grandparents, Ronald and Joy Ross, assumed custody. The next day, the grandparents filed for intervener status in the dissolution action and petitioned the court for custody or visitation of N.J.R.S. Meanwhile, Scott, who lived in Washington, moved the Oregon court for a writ of assistance in obtaining custody of N.J.R.S. from her grandparents.

On September 28, 2009, the Oregon court ordered the grandparents to relinquish N.J.R.S. to Scott and recognized his "sole and exclusive custody." Clerk's Papers (CP) at 132-33. The next day, N.J.R.S. moved to her father's home in Washington, where she has lived ever since.

On March 9, 2010, the grandparents filed a motion for temporary visitation in the Oregon court. In response to this motion, Scott raised a challenge to the Oregon court's jurisdiction. The Oregon court acknowledged that both Scott and N.J.R.S. lived in Washington, but concluded it had jurisdiction over the matter stating that, "once Oregon makes a ruling regarding a child Oregon has jurisdiction over the child until that child turns 18 no matter where the child or her

2

parents reside . . ."[1] CP at 65. The court granted the grandparents' motion for temporary visitation on July 12, 2010. A final order granting the grandparents' request for visitation was entered on December 6, 2010.

Scott did not file an appeal or seek to invalidate this order in the Oregon courts. Instead, he sought relief from the Superior Court for Kitsap County, Washington. On April 18, 2011, he filed a motion for modification of the Oregon visitation order. The Kitsap County court denied this motion. Scott and his wife also filed for a stepparent adoption in Washington, apparently in an attempt to sever the grandparents' familial ties to N.J.R.S. The adoption was granted the same day.

Meanwhile, Scott had not fully complied with the visitation and telephone contact schedule ordered by the Oregon court. On December 13, 2011, the Oregon court found Scott in contempt for noncompliance with its December 6, 2010 visitation order.

On June 5, 2012, the grandparents petitioned the Kitsap County court to enforce the Oregon visitation and contempt orders. In response, Scott renewed his argument that the Oregon court lacked jurisdiction over custody determinations involving N.J.R.S., arguing that Washington courts need not give full faith and credit to the Oregon orders. On October 26, 2012, Kitsap County Superior Court issued a memorandum opinion on the issue of enforcement of the Oregon contempt order. In the opinion, the court determined that Oregon had

---

[1] This representation of the Oregon court's ruling is quoted from Scott's declaration in response to the grandparent's motion for contempt in the Kitsap County Superior Court. Our record does not contain a transcript or other documentation of this ruling, however the parties are in agreement as to its substance.

3

retained jurisdiction over N.J.R.S.'s custody determinations under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) based on Scott and N.J.R.S.'s ties to the state of Oregon.

On January 3, 2013, Kitsap County Superior Court entered an order, which incorporated the memorandum opinion by reference and gave full faith and credit to the Oregon court orders. Scott appeals.

DISCUSSION

Jurisdiction

Scott argues that the Kitsap County Superior Court erred in giving full faith and credit to the Oregon visitation and contempt orders because Oregon did not have jurisdiction over the matter. Jurisdiction in this case is governed by the UCCJEA, as codified by the Washington and Oregon legislatures. RCW 26.27 et seq; O.R.S. § 109.701 et seq. As cited herein, provisions of the UCCJEA are identical in the Washington and Oregon codes.

Whether a superior court has the authority pursuant to the UCCJEA to exercise its jurisdiction is a mixed question of law and fact: appellate courts defer to the superior court's unchallenged factual findings, but review de novo its legal conclusions. And we review de novo issues of statutory interpretation. In re Marriage of McDermott, 175 Wn. App. 467, 307 P.3d 717, review denied 179 Wn.2d 1004, 315 P.3d 530 (2013).

The Washington State Supreme Court has described the UCCJEA as "a pact among states limiting the circumstances under which one court may modify the orders of another." In re Custody of A.C., 165 Wn.2d 568, 574, 200 P. 3d 689

4

(2009). Generally, Washington courts must give full faith and credit to an order entered by a court of a sister state that had jurisdiction over the parties and subject matter. RCW 26.27.421(1); .521. But the UCCJEA does not require an adopting state to recognize a custody determination by a sister state that assumed jurisdiction in violation of its provisions. UCCJEA § 303(a); RCW 26.27.421(1). Washington courts are authorized to make their own determinations as to whether a sister state has acted in substantial conformity with the jurisdictional requirements of the UCCJEA. In re Marriage of Hamilton, 120 Wn. App. 147, 157, 84 P. 3d 259 (2004) (recognizing that Washington cannot give full faith and credit to orders issued by other states acting contrary to the UCCJEA).

Under the UCCJEA, a court has jurisdiction to make an initial custody determination if:

> (a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from the state but a parent or person acting as a parent continues to live in this state;
>
> (b) A court of another state does not have jurisdiction under (a) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum, . . . and:
>
>> (i) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with the state other than mere physical presence; and
>>
>> (ii) Substantial evidence is available in the state concerning the child's care, protection, training, and personal relationships;

(c) All courts having jurisdiction under (a) of the subsection have declined to exercise jurisdiction on the ground that a court of the state is the more appropriate forum to determine the custody of the child . . .; or

(d) No court of any other state would have jurisdiction under the criteria specified in (a), (b), or (c) of this subsection.

RCW 26.27.201(1); O.R.S. § 109.741(1).

As it pertains to this case, "home state" means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. RCW 26.27.021(7); O.R.S. § 109.704(7).

The UCCJEA contemplates continuing, exclusive jurisdiction from the initial custody determination until:

(a) A court of [the] state determines that neither the child, the child's parents, and any person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships; or

(b) A court of [the] state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in [the] state.

RCW 26.27.211(1); O.R.S. § 109.744(1).

In this case, it is undisputed that, at the time of final disposition in Ross and Scott's dissolution, Oregon had jurisdiction to make the initial custody determination as N.J.R.S.'s home state. The Kitsap County Superior Court determined that at the time of entry of the December 6, 2010 visitation order, Oregon no longer had continuous and exclusive jurisdiction over the matter. We agree.

6

On July 12, 2010, in ruling on the grandparents' motion for temporary visitation, the Oregon court determined, albeit implicitly, that N.J.R.S. and her only living parent lived in Washington. Based on that determination, Oregon lost continuous and exclusive jurisdiction under the UCCJEA. RCW 26.27.211(1) (b); O.R.S. § 109.744(1) (b).[2]

If a court does not have exclusive, continuing jurisdiction under the UCCJEA, but it has previously made a child custody determination, it may modify that determination if, at the time of modification, it has jurisdiction to make an initial custody determination in the matter. RCW 26.27.211(2); O.R.S. § 109.744(2).[3]

Thus, the remaining issue in this case is whether, in the absence of continuing, exclusive jurisdiction, the Oregon court had jurisdiction to modify its prior custody determinations under RCW 26.27.211(2); O.R.S. § 109.744(2). In other words, the dispositive issue is whether the Oregon court had authority to make an initial custody determination when it entered the December 6, 2010 visitation order.

The Kitsap County Superior Court determined that Oregon had jurisdiction under RCW 26.27.201(1)(b); O.R.S. § 109.744(1)(b), which provide that a court

---

[2] This subsection provides, in relevant part, that "a court...that has made a[n initial] child custody determination has exclusive, continuing jurisdiction over the determination until...[a] court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state."

[3] RCW 26.27.211(2) and O.R.S. § 109.744(2) provide:

> A court of this state that has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under [RCW 26.27.201; O.R.S. § 109.741].

has jurisdiction if no other state's courts have home state jurisdiction, or a court of the child's home state has declined to exercise jurisdiction on the ground that another state is the more appropriate forum, and:

> (i) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

> (ii) Substantial evidence is available in the state concerning the child's care, protection, training, and personal relationships.

This conclusion was based, in part, on the court's finding that N.J.R.S. and Scott had significant connection with the state of Oregon.

We review a trial court's conclusions of law to determine if they are supported by the findings of fact and if, in turn, those findings are supported by substantial evidence. Nelson Const. Co. of Ferndale, Inc. v. Port of Bremerton, 20 Wn. App. 321, 326-27, 582 P.2d 511 (1978). Undisputed findings are verities on appeal. Keeve & Associates, Inc. v. Randall, 129 Wn. App. 733, 741, 119 P.3d 926 (2005).

In this case, we find insufficient evidence to support the trial court's finding that Scott had a significant connection with the state of Oregon. The record is void of any indication that he has an ongoing connection with the state outside of this custody matter. And, while there is undisputed evidence that N.J.R.S. has familial ties to the state, we find this connection insufficient to establish jurisdiction over her and her father, who are undisputedly residents of Washington.

However, we conclude that the Oregon court had jurisdiction to enter the visitation and contempt orders in this case under subsection RCW 26.27.201(1)(d); O.R.S. § 109.741(1)(d), the catch-all provision, because no other state had jurisdiction to make an initial custody determination under the UCCJEA.[4] Accordingly, pursuant to RCW 26.27.421(1), .441 and .521, the Kitsap County Superior Court was required to accord full faith and credit to the Oregon court orders.[5]

## Attorney Fees

The grandparents request an award of attorney fees on appeal pursuant to RAP 18.1(a), RCW 7.21.030(3), and RCW 26.27.511(1). A party who successfully defends the appeal of a contempt order may recover attorney fees under RCW 7.21.030(3); In re Marriage of Curtis & Phillips, 106 Wn. App. 191, 199, 202, 23 P.3d 13 (2001). Additionally, under RCW 26.27.511(1), the prevailing party on appeal is entitled to an award of reasonable costs and attorney fees. Because the grandparents have prevailed in this appeal of the Kitsap County Superior Court contempt order, we grant their request for reasonable attorney fees on appeal, subject to compliance with RAP 18.1.

---

[4] RCW 26.27.201(1)(d) and O.R.S. § 109.741(1)(d) provide that a court of this state has jurisdiction to make an initial child custody determination only if:

> No court of any other state would have jurisdiction under the criteria specified in (a), (b), or (c) of this subsection.

[5] Because we agree with the grandparents that the Oregon court had jurisdiction over this matter under the UCCJEA, we decline to address their arguments that Scott was collaterally estopped from challenging jurisdiction in Washington courts, that they have contractual rights to visitation with N.J.R.S., and that Scott obstructed the courts and engaged in forum shopping.

9

No. 71648-4-I/10

Affirmed.

_Spearman, C.J._

WE CONCUR:

_Leach, J._                    _Becker, J._

10