# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS, CWALT, INC., ALTERNATIVE LOAN TRUST 2007-OA9 MORTGAGE PASS THROUGH CERTIFICATE, SERIES 2007-OA9,<br><br>Respondents,<br><br>v.<br><br>CAMEO H. EDWARDS (FKA CAMEO MCCALPINE & FKA CAMEO MORCK),<br><br>Appellant,<br><br>LOVELL MCCALPINE JR; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR AEGIS FUNDING D/B/A AEGIS HOME EQUITY; and VIRGIL DEAN VESTAL & SHIRLEY VESTAL,<br><br>Defendants. | No. 59724-1-II<br><br><br><br>UNPUBLISHED OPINION |

GLASGOW, J.—The Bank of New York Mellon mistakenly issued a reconveyance of a deed of trust on Cameo Edwards' real property, releasing the bank's security interest in the property. At the time of the mistaken reconveyance, Edwards still had an outstanding balance of over $330,000 on the mortgage on her property, and the bank was pursuing foreclosure.

After taking no further action for several years, the bank apparently realized its mistake and recorded a document rescinding its prior reconveyance. The bank then filed a complaint stating that Edwards had stopped making payments and was treating the deed of trust and underlying note

as unenforceable. The bank sought declaratory judgment that the recorded document rescinding the reconveyance was effective, the bank's security interest was valid, and it was the first-position lienholder as it was before the reconveyance.

Edwards moved for summary judgment dismissal because the bank's complaint was filed after the statute of limitations expired. The trial court granted summary judgment to Edwards but denied Edwards' request for attorney fees and costs under the deed of trust, reasoning that the bank's action did not attempt to construe or enforce a term of the deed of trust as required.

Edwards argues on appeal that the trial court erred in denying her claim for attorney fees. Edwards relies on the attorney fee provision in the deed of trust and RCW 4.84.330, which makes unilateral attorney fee provisions in a contract bilateral. Because language in the bank's complaint established that its declaratory action was prompted by a dispute as to the enforceability of the deed of trust and this declaratory judgment action was a necessary first step in achieving enforcement of the deed of trust, the attorney fee provision in the deed of trust and RCW 4.84.330 apply, entitling Edwards to attorney fees.

We reverse the trial court's denial of attorney fees and costs, and we remand to the trial court to award attorney fees and costs to Edwards consistent with this opinion. We also award Edwards attorney fees and costs on appeal in an amount to be determined by this court's commissioner.

FACTS

I. BACKGROUND

In early 2007, Edwards signed and executed a promissory note and deed of trust in favor of a lender and secured by her home. The deed of trust contained a provision unilaterally entitling

2

the lender to attorney fees and costs if it prevailed in any action "to construe or enforce any term" of the deed of trust. Clerk's Papers (CP) at 636. In 2009, the deed of trust was assigned to the bank. Edwards took out additional loans using her home as collateral and entered into two other promissory notes and deeds of trust around this time, but they were subordinate to the bank's security interest. In 2009, Edwards discharged all of her personal liability for her home loans under bankruptcy, totaling over $385,000.

In 2015, the bank filed for judicial foreclosure on Edwards' property. The bank apparently took no further action for several years, and a trial court eventually dismissed the foreclosure case without prejudice for lack of prosecution.

In September 2016, the bank issued a reconveyance relinquishing its security interest in the property to Edwards. At this time, Edwards had an outstanding balance of over $331,762.43, and the reconveyance was a mistake. Edwards was confused so she called her loan servicing company to confirm that the reconveyance of the deed of trust was intentional. The company confirmed the reconveyance and even helped Edwards obtain the keys to the house. At that time, neither the bank nor the loan servicing company took any steps to correct or rescind the reconveyance, and neither one told Edwards the reconveyance had been a mistake. It was not until 2021 that the bank recorded a rescission of reconveyance with the county auditor to make its attempt to cancel the reconveyance, a matter of public record.

## II. PROCEDURAL HISTORY

The bank filed a complaint seeking declaratory judgment that its rescission was effective and its security interest in Edwards' property was "valid and of the same priority status as if the erroneous reconveyance had never occurred." CP at 7. The bank explained that its "mistaken

3

reconveyance jeopardize[d] [its] primary, first lienholder position on the [p]roperty, necessitating this action to obtain [the court's] declaration confirming: (a) its rightful and equitable status as first-position lienholder as well as of (b) its continued encumbrance of the [p]roperty by its . . . [d]eed and corresponding [n]ote." CP at 5. The bank sought "to establish and affirm its position as the primary, first-position lienholder." *Id.* The complaint alleged that Edwards had stopped making payments and was no longer responding to the bank at all. *Id.* The bank expressly acknowledged that the complaint was prompted by the fact that Edwards had stopped treating the deed of trust and underlying note as "valid and enforceable." *Id.* The bank stated that Edwards' change in position as to the enforceability of the deed and underlying note "led to a ripe dispute" between the parties that should be resolved with this lawsuit. *Id.* The bank also sought a judicial determination that its rescission of reconveyance was enforceable.

The bank then moved for summary judgment and asked for the trial court to confirm and validate the rescission of the reconveyance of the deed of trust and reinstate the bank's deed of trust "to the same valid priority lien position on the [p]roperty, upon the same terms that the deed of trust enjoyed before the [r]econveyance." CP at 11. All of the lower priority lenders agreed to accept the bank's return to first position and to act as if the reconveyance never occurred.

Edwards filed a cross motion for summary judgment, arguing that the bank failed to allege a viable cause of action and the statute of limitations barred the bank's claim. The trial court ultimately denied the bank's motion for summary judgment and granted Edwards' cross motion for summary judgment in part because the bank's complaint was untimely. CP at 608-10.

Edwards then filed a motion for attorney fees and costs based on the attorney fee provision in the deed of trust allowing the lender to collect attorney fees if it prevailed in any action "to

construe or enforce any term" of the deed of trust, CP at 636, combined with RCW 4.84.330, which makes any unilateral attorney fee provision in a contract bilateral. CP at 613. Edwards argued that the ultimate purpose of the bank's claim was to reinstate its security interest and enforce the deed of trust through foreclosure. CP at 615. After conducting a hearing on this issue, the trial court held that the bank's claim was "not brought to construe or enforce terms of the deed of trust. The claim was downstream from that, focusing on the rescission and reconveyance." Report of Proceedings (RP) at 1, 11. The trial court denied Edwards' request for attorney fees. RP at 10-11, CP at 650.

Edwards appeals the denial of attorney fees at the trial court. She also seeks attorney fees on appeal.

## ANALYSIS

Edwards argues that the trial court erred in denying her motion for attorney fees and costs. Specifically, Edwards contends the bank's lawsuit can only be interpreted as a necessary step toward the bank's ultimate goal of enforcing the terms of the deed of trust—a contract under RCW 4.84.330. Thus, Edwards argues attorney fees are warranted under the attorney fee provision in the deed of trust and application of RCW 4.84.330. We agree.

We review de novo the scope and application of an attorney fee provision because interpretation is a question of law. *King County v. Vinci Constr. Grands Projects/Parsons RCI/Frontier-Kemper, JV*, 188 Wn.2d 618, 625, 398 P.3d 1093 (2017). The deed of trust in this case allowed attorney fees and costs for the lender "in any action or proceeding to construe or enforce any term" of the deed of trust. CP at 636.

RCW 4.84.330 makes a one-sided attorney fee provision in a contract benefit both sides by operation of the statute. For RCW 4.84.330 to apply, the action must be "on a contract," the contract must contain a unilateral attorney fee or cost provision, and the party seeking fees must be a prevailing party in an action incurred to enforce the provisions of the contract. RCW 4.84.330; *Wachovia SBA Lending v. Kraft*, 138 Wn. App. 854, 859, 158 P.3d 1271 (2007). An action is "on a contract if the action arose out of the contract and if the contract is central to the dispute." *Seattle First Nat. Bank v. Wash. Ins. Guar. Ass'n*, 116 Wn.2d 398, 413, 804 P.2d 1263 (1991).

Here, Edwards is correct that there would be no dispute without the deed of trust. First, the reconveyance could not have occurred without the deed of trust. The only conceivable purpose of seeking to revive the deed of trust would be to reinstate the bank's security interest so that the deed of trust could be enforced. While the bank repeatedly asserts this action only sought to correct the reconveyance, it fails to offer an alternative reason for correcting the reconveyance besides enforcing the deed of trust.

Second, the bank acknowledged in its complaint that the lawsuit was prompted by Edwards' change in position as to the enforceability of the deed of trust. And the bank emphasized in its complaint that it sought not only to confirm the validity of its reconveyance, but to obtain a declaration that the bank was returned to its status as first-position lienholder, which could only benefit the bank in a foreclosure action to enforce the deed of trust. In other words, the bank made statements in its complaint acknowledging that enforcement of the deed of trust was the bank's ultimate goal. It expressly stated that the parties' disagreement as to the enforceability of the note was what made the current action ripe.

Under these circumstances, the bank's declaratory judgment action was an action or proceeding to enforce the deed of trust, invoking the deed of trust's attorney fee provision, and it was an action on a contract sufficient to trigger application of RCW 4.84.330.

## CONCLUSION

We reverse the trial court's denial of attorney fees and costs and remand for the trial court to award attorney fees and costs to Edwards consistent with this opinion. We also award Edwards attorney fees on appeal in an amount to be determined by a commissioner of this court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

CRUSER, C.J.

PRICE, J.